JOURNAL ENTRY AND OPINION.
Plaintiff-appellants George Tomaselli, et al. ("plaintiff") appeal the decision of the trial court granting summary judgment to defendant-appellee Amser Corporation ("Amser") in this slip and fall case.
On January 3, 1997, plaintiff arrived at a landfill owned by Amser in order to dump construction debris. Plaintiff drove his truck onto the property and parked in front of a trailer that acted as Amser's office. There were two steps and a small platform that led to the front door of the office. Plaintiff climbed the two steps to enter the office and stepped onto the platform, which was covered with snow and ice. As plaintiff was about to enter the office he "lost his balance" when he went to open the door and fell off the platform suffering several injuries.
At his deposition, plaintiff stated the door to the office opens outwards and when it is opened there is not enough space on the platform for a person to stand. Plaintiff explained that a person has to back up to open the door because the "door itself is wider than the platform". When asked what caused his fall, plaintiff stated it was the ice "* * * and the door. The ice on the edge of the platform".
On July 16, 1998, plaintiff filed a complaint asserting that Amser was responsible for his slip and fall based on premises liability. His wife included a claim for loss of consortium. On March 30, 1999, plaintiff filed an expert's report which indicated Amser's steps were not in compliance with the requirements of OSHA 1926.1052 which pertains to precast stairs. In response, Amser filed a motion for summary judgment arguing it was entitled to judgment as a matter of law because all the conditions allegedly causing plaintiff's fall were open and obvious dangers. As to the expert's report, Amser claimed it was irrelevant because the OSHA standards the expert's report relied upon are inapplicable to claims asserted by non-employees. Plaintiff filed a brief in opposition to Amser's motion for summary judgment. On May 25, 1999, the trial court granted Amser's motion for summary judgment.
Subsequently, plaintiff timely filed his notice of appeal. On appeal he submits three assignments of error. The three assignments of error are interrelated and will be addressed together. They state as follows:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXISTED RESPECTING WHETHER THE STAIRS OFF WHICH PLAINTIFF FELL WERE UNIQUE, NON-STANDARD, NOT COMMONLY ENCOUNTERED, AND CONSTITUTED A LATENT DEFECT.
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE APPELLANT PRESENTED EVIDENCE THAT HIS FALL OFF THE STAIRS WAS CAUSED BY THE LATENT DEFECT OF THE DESIGN OF THE STAIRS COMBINED WITH THE SLIP AND ICE.
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE APPELLANT PRESENTED UNCONTROVERTED EVIDENCE OF LACK OF A HANDRAIL BECAUSE LACK OF A HANDRAIL MAY RAISE A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER DEFENDANT IS, AT LEAST PARTIALLY, NEGLIGENT.
Plaintiff argues he has met all the elements of negligence sufficient to establish that the trial court erred in granting Amser's motion for summary judgment. First, he claims he was a business invitee on Amser's property and Amser owed him a duty to keep its premises in a safe condition and warn him of any latent defects of which it had knowledge. Second, he contends his expert report establishes that Amser's staircase fails to meet OSHA standard. Specifically, he asserts the platform was too small and the stair treads were non-uniform. Third, plaintiff complains that as he stepped to the side of the platform to enter the office, because of the lack of space caused by the small platform/large door, he lost his balance and slipped on the ice. He maintains there was no railing for him to grab on to and he did not expect to encounter such a latent defect. Thus, he claims the dangers which caused his fall were not open and obvious and Amser breached its duty of care by maintaining a defective condition in its outside stairway.
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co.
(1976), 54 Ohio St.2d 64, 66. See, also, Civ.R. 56(C).
Plaintiff's premises liability complaint averred negligence on the part of the Amser. In order to establish actionable negligence, one must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Federal Steel Wire Cord v.Ruhlin Constr. Co. (1989), 45 Ohio St.3d 171, 173.
The existence of a duty in a negligence action is generally a question of law for the court to determine, Mussivand v.David (1989), 45 Ohio St.3d 314, 318, but whether or not there was a breach of such duty is usually a question of fact for the jury. Id. Accordingly, the summary judgment standard frequently precludes summary judgment in negligence actions. Whiteleather v.Yosowitz (1983), 10 Ohio App.3d 272, 274.
The general rule in Ohio is that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of snow and ice from the premises or to warn invitees of the dangers associated with such natural accumulations of ice and snow. Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, 40. When the owner or occupier of a business premises is not shown to have either actual or implied notice that the natural accumulation of ice and snow on the premises has created a condition substantially more dangerous to invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area, there is a failure of proof of actionable negligence. Id. at 41.
The rationale behind the general rule is that because the dangers posed by natural accumulations of snow and ice are ordinarily obvious and apparent, an owner or occupier of a business premises may reasonably expect that a business invitee will discover those dangers and protect against them. Brinkman v.Ross (1993), 68 Ohio St.3d 82, 84. An exception to this rule is that an owner or occupier of business premises owes a duty to remove a natural accumulation of ice and snow which creates a danger which is not obvious, which an invitee cannot reasonably be expected to know, and of which the owner has or should have superior knowledge. Mikula v. Slavin Tailors (1970),24 Ohio St.2d 48, 56-57.
In the case at bar, the evidence did not show that the ice was anything but a natural accumulation which resulted from weather conditions during the week. Moreover, there is no support in the record for the conclusion that Amser permitted or created an unnatural accumulation of ice. "Since a build-up of snow or ice during winter is regarded as a natural phenomenon, the law requires, at the very least, some evidence of an intervening act by the property owner that perpetuates or aggravated the pre-existing hazardous presence of ice and snow." Porter v. Miller (1983),13 Ohio App.3d 93, 95.
Because plaintiff failed to show that the ice upon which he slipped and fell was not naturally occurring, Amser had no duty to remove it under ordinary circumstances. In addition, plaintiff did not assert that Amser's knowledge of the risk presented by the ice accumulated on the stairway was superior to his own, or that Amser had notice, either actual or implied, that the conditions at the spot where he fell were substantially more dangerous than those prevailing generally in the area. Indeed, plaintiff described the condition of the steps in an interrogatory stating "[T]he steps were snow covered". There is no evidence demonstrating that the dangers posed by the accumulation of ice were not obvious to plaintiff.
Plaintiff also complains it was not just the accumulation of the ice and snow which caused his fall. He maintains the defective design of the stairs and the door combined with the ice and the fact that there was no hand railing also caused his fall.
First, the absence of the handrail was easily observable to plaintiff so as to appreciate its danger. It was early in the morning so there was proper lighting and there were only two steps. By simply glancing at the staircase, plaintiff could easily discern the lack of a handrail.
Second, plaintiff bases his defective design argument on an expert's report which relies on two OSHA violations. However, it is well settled that OSHA standards relate only to employers and do not provide a private cause of action for third parties. Andersonv. Ruoff (1995), 100 Ohio App.3d 601, 603 and State ex rel.Goodyear Tire Rubber Co. v. Tracey (1990), 66 Ohio App.3d 71,76. Thus, the expert's report which relies on the OSHA standards is inapplicable. As a result, there is no evidence in the record to support the conclusion that Amser's stairs were defectively designed.
Lastly, there is no evidence to support a finding that the staircase was unreasonably dangerous. Baldouf v. Kent State
(1988), 49 Ohio App.3d 46. Plaintiff stated that as he ascended the steps he opened the door, but then discovered that the door was wider than the platform. He then stepped to the side to avoid the opening door, slipped, lost his balance and fell to the ground. This testimony demonstrates that plaintiff was aware the door was wider than the platform before he slipped and fell. After determining the door was too wide, plaintiff attempted to balance himself on the edge of the icy platform instead of taking a step back and allowing the door to open. The condition of the door being too wide was apparent to plaintiff at the time he opened the door. It was not unreasonably dangerous but rather was open and obvious. Plaintiff acted unreasonably. Id. at 49.
Based on the foregoing analysis, we find no genuine issue of material fact exists as to any of plaintiff's claims. Therefore, the trial court did not err in granting Amser's motion for summary judgment.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., JAMES D. SWEENEY, J., CONCUR.
 _____________________ JOHN T. PATTON, JUDGE