### State ex rel. Goodyear Tire & Rubber Co. v. Tracey
### Case No. C-890657
### Hamilton County, (1st)
### Decided February 7, 1990
[Cite as 1 AOA 15]

*Daniel J. Buckley, Esq., Suite 2100 Atrium Two, 221 East Fourth Street, P. O. Box 0236, Cincinnati, Ohio 45201-0236, for Relator,*

*Michael E. Maundrell, Esq., 900 Central Trust Tower, Fourth and Vine Streets, Cincinnati, Ohio 45202, and David Lloyd Sellers, Esq., 419 Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio 45202, for Respondent.*

*PER CURIAM.*

This cause came on to be heard upon the pleadings attendant to the relator's request for a writ of prohibition, the written stipulation of facts, the briefs and the oral arguments of counsel.

Relator, The Goodyear Tire and Rubber Co. (Goodyear), seeks a writ of prohibition to restrain the respondent, Judge Ann Marie Tracey of the Court of Common Pleas of Hamilton County, from allowing a jury to hear and determine two of three damage claims asserted against Goodyear as a result of personal injuries sustained by one Richard Wagner. The principal issue is whether prohibition is the proper remedy, even though the aggrieved party may not be foreclosed from pursuing a direct appeal, in a case where the trial court lacks jurisdiction over the subject matter. In order to determine whether the trial court has subject-matter jurisdiction over the damage claims asserted against Goodyear here, we must first determine whether Wagner has a

private right of action for: (1) a violation of a specific safety requirement of the Industrial Commission under the Workers' Compensation Act (VSSR), or (2) a violation of the Occupational Safety and Health Act of 1970, as amended, Section 651 *et seq.*, Title 29, U.S. Code (OSHA). For the reasons that follow, we hold that Wagner does not have a private right of action in either instance, and that the trial court lacks subject-matter jurisdiction to hear these claims. Accordingly, we find prohibition to be the proper remedy in this case.

In the action now pending in the court of common pleas, Wagner's complaint alleges that Goodyear hired United Roofing and Sheet Metal, Inc., (United) to install a new roof on its building. It is further alleged that Goodyear developed the roofing material and supervised United's work. Damages are sought for injuries sustained when Wagner, an employee of United, fell through a building skylight, on the basis of the following theories: (1) that Goodyear was negligent; (2) that Goodyear was liable for a VSSR because Goodyear was Wagner's employer under R.C. 4123.01; and (3) that Goodyear failed to ensure United's compliance with OSHA regulations.

Goodyear filed a motion to dismiss the Wagner complaint and a motion for partial summary judgment on the VSSR and OSHA claims in the second and third counts of the complaint.

The trial judge overruled these motions, as well as Goodyear's motions for reconsideration and for a continuance of the October 19, 1989, trial date. Goodyear then filed the present complaint for a writ of prohibition in this court. On October 18, 1989, we granted an alternative writ suspending the proceedings in the court below. Subsequently, counsel submitted the issues for decision upon the pleadings and a written stipulation of fact.

Before we can issue a writ of prohibition, the relator must establish that: (1) the trial court, against whom prohibition is sought, is about to exercise judicial power; (2) the trial court's exercise of that power is not authorized by law; and (3) denial of the writ will cause injury for which no adequate remedy exists in the ordinary course of the law. *State ex rel. Largent, v. Fisher* (1989), 43 Ohio St. 3d 160, 161, 540 N.E.2d 239, 240; *State, ex rel. Tollis, v. Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St. 3d 145, 532 N.E.2d 727, 729; *State, ex rel. McGraw, v. Gorman* (1985), 17 Ohio St. 3d 147, 150 478 N.E.2d 770, 773.

Although, as an extraordinary writ, prohibition is not a substitute for appeal, the long-standing exception to this proposition was most recently repeated in *State, ex rel. Connor, v. McGough* (1989), 46 Ohio St. 3d 188, 192, 546 N.E.2d 407, 410:

> When a lower court totally lacks jurisdiction * * * the availability or adequacy of a remedy * * * to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court * * * [Citations omitted].

In the second count of his complaint, Wagner asserts a VSSR claim against Goodyear based on Ohio Admin. Code Chapter 4121:1-3. He argues that for purposes of the Ohio Workers' Compensation Act, Goodyear was Wagner's employer within the scope of R.C. 4123.01(B).

The Ohio workers' compensation system was established in 1912 by adoption of Section 35, Article II of the Ohio Constitution.[1] The system reflects a trade-off in which employees accept receipt of prompt and certain compensation for work-related injuries or death. In return, employers gain immunity from open liability for independent statutory or common-law civil claims as provided in R.C. 4123.74.

In 1923, Section 35, Article II was amended to include, as part of the trade-off, additional compensation for injuries or death caused by "the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by such board * * *." *State, ex rel. Engle, v. Indus. Comm.* (1944), 142 Ohio St. 425, 429-430, 52 N.E.2d 743, 746; see 51 U. Cin. L. Rev. 682, 683-85 (1982).

Accordingly, it is now beyond argument that the Industrial Commission has exclusive power to hear and decide work-related VSSR claims. *State, ex rel. Ohio Mushroom Co., v. Indus. Comm.* (1989), 47 Ohio St. 3d 59, 60, ____ N.E.2d ____, ____. We find no logic in respondent's suggestion, raised for the first time in oral argument, that an appeal is an adequate remedy because all appellate decisions granting prohibition to date involve violations of Ohio Admin. Code Chapter 4121: 1-5 (Workshops and Factories) and none relate to Chapter 4121: 1-3

(Construction). Both chapters are compilations of specific safety requirements. Not only is Ohio Admin. Code Chapter 4121: 1-3 captioned "Specific Safety Requirements Relating to Construction," but the stated purpose of both Ohio Admin. Code Sections 4121: 1-5.01(A) and 4121: 1-3.01(A) is "* * * to provide safety for the life, limb and health of employees * * *.[2]

Therefore, we find that prohibition is the appropriate remedy because of a complying employer's immunity under Section 35, Article II of the Ohio Constitution, and because R.C. 4123. 74 divests the trial court of subject-matter jurisdiction of VSSR claims for work-related injuries which cannot be claims asserted in an independent private right of action. See *State, ex rel. Allied Chemical Corp., Plastics Div., v. Earhart* (1974), 37 Ohio St. 2d 153, 310 N.E.2d 230.

Wagner's third count alleges that Goodyear owed a duty to employees of independent contractors to ensure that their employers complied with OSHA regulations. Unlike the second count, Wagner's third claim is directed at Goodyear's supervisory capacity as a contractor and not as an employer. Although it is factually inconsistent with the second count, this claim avoids the issue of an employer's immunity for an employee's work-related injuries Section 35, Article II relates exclusively to the employer-employee relationship.

Wagner's claim suggests that Section 653(A) (2), Title 29, U.S. Code, which requires each employer to "comply with [OSHA] standards under this chapter," impliedly creates a private remedy for breach of duty resulting from violations of OSHA regulations. Goodyear's position is that OSHA's purpose is only preventative as provided in Section 653((B) (4), Title 29, U.S. Code, which states:

> Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

Goodyear's argument is too limited. When a legislative act does not expressly create civil liability, a court may imply a civil remedy if the criminal sanction authorized is inadequate to ensure the act's effectiveness. The court will not, however, imply a remedy if: (1) the person seeking the remedy is outside the class which the act is designed to protect, (2) the remedy is inconsistent with the general scheme of the statute, or (3) the remedy is unnecessary to effect the legislative policy underlying the act. *Marshall v. Whirlpool Corp.* (C.A. 6, 1979), 593 F.2d 715, 725-726, fn. 22, affirmed (1980), 445 U.S. 1, 100 S. Ct. 883.

In the case *sub judice*, Wagner does not, as previously stated, contend in the third count that Goodyear was his employer. Therefore, we cannot imply a civil remedy under OSHA since a third-party private right of action is specifically contrary to the general scheme of restrictions in Section 653 (B) (4), Title 29, U.S. Code. OSHA relates only to employers and not to third parties.

As in *Russel v. Bartley* (C.A. 6, 1974), 494 F.2d 334, Wagner ties Goodyear's purported liability to its negligent supervision of United. His claim in this count does not assert that Goodyear maintained an unsafe workplace or violated R.C. 4101.11 (the frequenters statute), and absent the exception to the rule involving allegations of Goodyear's active participation in the action or decision which led to Wagner's injury, under Ohio law a general contractor owes no duty to employees of an independent contractor solely because of its supervisory capacity *Hirschbach v. Cincinnati Gas & Electric Co.* (1983), 6 Ohio St. 3d 206, 452 N.E.2d 326; *Wray v. Cincinnati Gas & Electric Co.* (Dec. 2, 1987), Hamilton App. No. C-86779, unreported.

OSHA violations are enforced either by criminal sanctions, by civil penalties, or by injunctive relief. Nowhere in the Act or in the record of the Congressional debate is there any mention of a private civil remedy by employees for violation of the Act. Instead, the Congressional intent of Section 653(B) (4), Title 29, U.S. Code, is expressly to the contrary. See *Corcoran v. Chicago Park Dist.* (C.A. 7, 1989), 875 F.2d 60; *Taylor v. Brighton Corp.* (C.A. 6, 1980), 616 F.2d 256, 263; Jeter v. St. Regis Paper Co. (C.A. 5, 1975), 507 F.2d 973; *Russel v. Bartley, supra; Knitz v. Minster Machine Co.* (Feb. 9, 1987), Lucas App. No. L-84-125, unreported.

We further find that *Teal v. E. I. DuPont de Nemours and Co.* (C.A. 6, 1984), 728 F.2d 799, relied on by the respondent, is inapposite. *Teal* stands only for the proposition that where violation of an OSHA regulation constitutes negligence *per se* under the law of a state, the

rule extends equally to employees of independent contractors as well as to employees of general contractors. Wagner's negligence claim in his first count may rely on negligence *per se*. However, negligence *per se* does not relate to the trial court's jurisdiction of a private right of action for an OSHA violation as alleged in the third count. Therefore, while the third count is properly the subject of a writ of prohibition, the trial judge here is not precluded from determining the propriety of negligence *per se* as a matter of law as it may relate to the first count of the Wagner complaint.

Accordingly, because the respondent lacks jurisdiction of the private civil remedies which Wagner has asserted in the second and third counts of his complaint, we issue the writ of prohibition as to those two counts.

KLUSMEIER, P.J., UTZ and GORMAN, JJ.

---

[1] Section 35, Article II states in pertinent part:

Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease.

[2] A specific safety requirement is determined by three factors: (1) it was enacted by the legislature or Industrial Commission, (2) it is specific rather than general, and (3) it is for the protection of the lives, health and safety of employees. State, ex rel. Cotterman, v. St. Mary's Foundary (1989), 46 Ohio St. 3d 42, 45, 544 N.E. 2d 887, 890, rehearing denied, motion overruled (1989), 47 Ohio St. 3d 703, ____ N.E.2d ____.