DECISION.
{¶ 1} Plaintiffs-appellants, Dwayne Heard and Solomon Smith, appeal the trial court's decision granting motions filed by defendant-appellee, Labor Ready, for relief from a default judgment and for summary judgment. We affirm the trial court's decision.
 {¶ 2} On November 21, 2002, Heard and Smith reported to Labor Ready, a temporary-employment agency, to receive their work assignment. A supervisor for Labor Ready instructed them to ride to their job for the day with Gregory Dubose, another worker. Dubose was driving an automobile owned by his mother, Ella Brown. While driving from Labor Ready's place of business to the work site, Dubose lost control of the motor vehicle and crashed, causing injury to Heard and Smith.
 {¶ 3} Heard and Smith filed a complaint against Dubose, Brown, Labor Ready, and others in which they alleged that Dubose had negligently operated the vehicle and that Labor Ready was liable for that negligence under a theory of negligent entrustment. None of the defendants appeared in the action. Consequently, the trial court entered a default judgment for Heard and Smith for $125,000.
 {¶ 4} After Heard and Smith attempted to collect on their judgment, Labor Ready filed a Civ.R. 60(B) motion for relief from the default judgment on the ground of excusable neglect and a motion for leave to file an answer. The trial court granted these motions.
 {¶ 5} Subsequently, Labor Ready filed a motion for summary judgment. It argued that Heard and Smith could not maintain a claim for negligent entrustment against it since it did not own the vehicle in question. Heard and Smith then sought leave to file an amended complaint to add a claim that Labor Ready was responsible for Dubose's negligent acts under the doctrine of respondeat superior. The trial court denied their motion to amend their complaint and granted Labor Ready's motion for summary judgment. This appeal followed.
 {¶ 6} Heard and Smith present three assignments of error for review. In their first assignment of error, they contend that the trial court erred in overruling their motion to amend their complaint. They argue that their motion was timely and made in good faith, and that no apparent reason existed for the trial court's denial of the motion. This assignment of error is not well taken.
 {¶ 7} Civ.R. 15(A) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party many amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires." The decision whether to grant leave to file an amended complaint lies within the trial court's discretion.[1]
 {¶ 8} The language of Civ.R. 15(A) favors a liberal amendment policy. A court should grant a motion for leave to amend absent a finding of bad faith, undue delay, or undue prejudice to the opposing party.[2] The trial court abuses its discretion in denying a timely filed motion seeking leave to file an amended complaint, "where it is possible that plaintiff may set forth a claim upon which relief can be granted and no reason otherwise justifying denial of the motion is disclosed."[3] But when the plaintiff fails to make a prima facie showing of support for the new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading.[4]
 {¶ 9} Heard and Smith sought to add a claim for respondeat superior to their original complaint. But they did not make a prima facie showing of support for this claim. To prove a claim for respondeat superior, Heard and Smith needed to show that Dubose's negligence had occurred within the scope of his employment.[5] If Dubose was not acting within the scope of his employment, then Labor Ready would not have been liable for his negligence, and Heard and Smith could not have recovered on that basis.
 {¶ 10} Heard, Smith, and Dubose were all traveling to a job site together. If Dubose was acting within the scope of his employment, so were Heard and Smith. If they were acting within the scope of their employment, then the Workers' Compensation Act would apply. Section 35, Article II of the Ohio Constitution and R.C. 4123.74 bar an employee from bringing suit against his or her employer for injuries suffered during the employment relationship.[6] Where the injury suffered at work "is not intentionally inflicted[,] the employee's sole avenue of recovery is through the workers' compensation system."[7]
 {¶ 11} If Heard, Smith and Dubose were acting within the scope of their employment, the injuries Heard and Smith suffered in the accident would have been covered by workers' compensation. Therefore, the Industrial Commission would have had the exclusive power to hear and decide issues related to the injuries from the accident, and the trial court would have had no jurisdiction to decide them.[8]
 {¶ 12} Thus, in their proposed amendment, Heard and Smith did not set forth a claim upon which relief could have been granted. Under the circumstances, the trial court's decision to deny their motion to amend their complaint was not so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion.[9] We overrule Heard and Smith's first assignment of error.
 {¶ 13} In their second assignment of error, Heard and Smith contend that the trial court erred in granting summary judgment in favor of Labor Ready. They argue that they were entitled to recover under the doctrine of respondeat superior. This assignment of error is not well taken.
 {¶ 14} As we have discussed in the previous assignment of error, Heard and Smith could not have recovered under this theory, even if the court had granted them leave to file their amended complaint. But the court did not allow them to do so, and, therefore, the issue of respondeat superior was not properly before the court in deciding Labor Ready's motion for summary judgment.
 {¶ 15} When the trial court granted Labor Ready's motion for summary judgment, the only cause of action in the complaint was for negligent entrustment. But to recover for negligent entrustment, Heard and Smith had to demonstrate that the owner of vehicle had knowingly entrusted it to an incompetent or inexperienced driver whose negligent operation resulted in injury.[10] Heard and Smith acknowledged in their complaint that the vehicle Dubose had driven was not owned by Labor Ready, but by Brown. In fact, Heard and Smith had already obtained a default judgment against Brown, which was still intact.
 {¶ 16} No material issues of fact existed for trial. Construing the evidence most strongly in Heard and Smith's favor, reasonable minds could have reached but one conclusion, which was adverse to them. Labor Ready was entitled to judgment as a matter of law, and the trial court did not err in granting its motion for summary judgment.[11] We overrule Heard and Smith's second assignment of error.
 {¶ 17} In their third assignment of error, Heard and Smith contend that the trial court erred in granting Labor Ready's Civ.R. 60(B) motion for relief from the default judgment. They argue that the motion was not timely filed and that Labor Ready failed to show excusable neglect. This assignment of error is not well taken.
 {¶ 18} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must (1) show that the party has a meritorious defense or claim to present if relief is granted; (2) show that the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) file the motion within a reasonable time.[12] The moving party must meet all three requirements before a court can grant relief. The decision whether to grant relief from judgment lies within the trial court's discretion.[13]
 {¶ 19} Labor Ready's motion sought relief from judgment under Civ.R. 60(B)(1), for "mistake, inadvertence, surprise, or excusable neglect." Heard and Smith contend that Labor Ready failed to show excusable neglect. Courts have defined excusable neglect in the negative, stating that a defendant's inaction is not excusable neglect when it shows "a complete disregard for the judicial system"[14] or it falls substantially below that which is reasonable under the circumstances.[15] A determination of excusable neglect depends on the facts and circumstances of each case.[16]
 {¶ 20} Further, "[t]he concept of `excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed".[17] Default judgments are not favored in the law; cases should be decided on their merits rather than on technical grounds.[18]
 {¶ 21} Labor Ready submitted an affidavit by Joanna Monroe, its legal director and vice-president of legal and government relations. She described the procedure that Labor Ready followed after it was served with a summons and complaint. She stated that a Labor Ready branch office had received a copy of the complaint and summons in the present case on January 27, 2004. The branch faxed copies to the legal department "for review and routing."
 {¶ 22} She next stated, "Although I have no specific recollection of reviewing this Summons and Complaint and routing them to the appropriate department for defense and further handling, I have never departed from Labor Ready's established procedures, and therefore believe that I reviewed the Summons and Complaint, determined that the Complaint presented a general liability claim, and routed the Summons and Complaint to Risk Management by way of intra-company delivery for further routing to ESIS [a third-party administrator for Labor Ready's insurance companies], which in turn would retain counsel to defend this matter in accordance with the applicable insurance policy."
 {¶ 23} After hearing about the default judgment, she promptly investigated and discovered that Labor Ready's risk-management department had no record of receiving the summons and complaint. She went on to state, "Despite all due diligence, I can offer no explanation as to why Risk Management did not receive the Summons and Complaint in accordance with Labor Ready's established procedures, other than that somewhere in the process an inadvertent clerical error occurred, such that Risk Management did not receive the Summons and Complaint, and did not in turn route the Summons and Complaint to ESIS, and therefore counsel was not retained and a timely answer was not filed." Finally, she stated that, in 2004, Labor Ready was served with 132 complaints, all of which were routed according to Labor Ready's established procedures and all of which, except for this case, were timely answered.
 {¶ 24} Courts, including this one, have held that a trial court does not abuse its discretion in granting relief from a default judgment on the basis of excusable neglect, when service was properly made on a corporation, but a corporate employee failed to forward the summons and complaint to the appropriate person.[19] Based on Monroe's affidavit, the trial court could have reasonably found that Labor Ready's neglect did not rise to the level of a complete disregard for the judicial system. Therefore, its finding that Labor Ready had met its burden to show excusable neglect was not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion.[20]
 {¶ 25} Next, Labor Ready alleged operative facts supporting a meritorious defense.[21] In its motion for relief from judgment, it stated, "Plaintiffs were not in the course and scope of their employment at the time of the accident, therefore, Labor Ready cannot be held vicariously liable for Dubose's negligence. * * * Only owners of motor vehicles can be held liable for negligent entrustment; the motor vehicle involved in the present action was owned by Brown, not Labor Ready." (Citations omitted.) This was sufficient to support its Civ.R. 60(B) motion.[22]
 {¶ 26} Finally, Heard and Smith contend that Labor Ready's motion was not timely filed. Labor Ready argues that because it filed the motion within a year of the default judgment, the motion was timely. If a party seeks relief on the grounds in subsections (B)(1) through (3), the party must file the motion within one year of the judgment from which relief is sought. But one year is the latest the motion can be filed. It must still be filed within a reasonable time.[23] Consequently, we must determine if Labor Ready's motion was filed within a reasonable time.
 {¶ 27} The trial court entered the default judgment on October 27, 2004. On January 21, 2005, Labor Ready learned of the default judgment. It immediately retained counsel, who contacted Heard and Smith to propose that the default judgment be vacated, with Labor Ready paying the fees and costs. On February 9, 2005, Heard and Smith's counsel refused that request. Labor Ready filed its motion for relief from the judgment on February 22, 2005, approximately four months after the judgment had been entered. Under the circumstances, the trial court's conclusion that the motion was filed within a reasonable time was not an abuse of discretion.[24]
 {¶ 28} Accordingly, the trial court did not err in granting Labor Ready's Civ.R. 60(B) motion for relief from judgment. We overrule Heard and Smith's third assignment of error and affirm the trial court's judgment.
Judgment affirmed.
PAINTER, P.J., and HILDEBRANDT, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] Hoover v. Sumlin (1984), 12 Ohio St.3d 1, 5-6, 465 N.E.2d 377, modified on other grounds by Jim's Steakhouse, Inc. v. Cleveland,81 Ohio St.3d 18, 1998-Ohio-440, 688 N.E.2d 506; Lassiter v. Lassiter, 1st Dist. No. C-010309, 2002-Ohio-3136, ¶ 31.
[2] Hoover, supra, at 6; Ramudit v. Fifth Third Bank, 1st Dist. No. C-030941, 2005-Ohio-374, ¶ 14, modified on other grounds in2005-Ohio-978.
[3] Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 297 N.E.2d 113, paragraph six of the syllabus; Ramudit, supra, at ¶ 14,
[4] Wilmington Steel Products, Inc. v. Cleveland Elec. IlluminatingCo. (1991), 60 Ohio St.3d 120, 123, 573 N.E.2d 622.
[5] Groob v. KeyBank, 108 Ohio St.3d 348, 2006-Ohio-1189,843 N.E.2d 1170, ¶ 42; Linder v. Amer. Natl. Ins. Co., 155 Ohio App.3d 30,2003-Ohio-5394, 798 N.E.2d 1190, ¶ 25.
[6] Dirksing v. Blue Chip Architectural Prod. (1994),100 Ohio App.3d 213, 229-230, 653 N.E.2d 718; State ex rel. Goodyear Tire Rubber Co.v. Tracey (1990), 66 Ohio App.3d 71, 74, 583 N.E.2d 426.
[7] Jones v. VIP Dev. Co. (1984), 15 Ohio St.3d 90, 94,472 N.E.2d 1046.
[8] State ex rel. Allied Chem. Corp. v. Earhart (1974),37 Ohio St.2d 153, 155-156, 310 N.E.2d 230; Goodyear Tire Rubber Co., supra, at 74.
[9] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218,450 N.E.2d 1140.
[10] Williamson v. Eclipse Motor Lines, Inc. (1945), 145 Ohio St. 467,62 N.E.2d 339, paragraphs one and three of the syllabus; Fair v.McCollum (Feb. 20, 1998), 1st Dist. Nos. C-970386 and C-970396.
[11] See Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46; Stinespring v. Natorp Garden Stores, Inc. (1998),127 Ohio App.3d 213, 215-216, 711 N.E.2d 1104.
[12] GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus; Caldwell v.Alston (Oct. 2, 1996), 1st Dist. No. C-950688.
[13] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20,520 N.E.2d 564; Caldwell, supra.
[14] GTE Automatic Electric, supra, at 153; T.S. Expediting Services,Inc. v. Mexican Indus., Inc., 6th Dist. No. WD-01-060, 2002-Ohio-2268, ¶ 16.
[15] State ex rel Weiss v. Indus. Comm., 65 Ohio St.3d 470, 473,1992-Ohio-71, 605 N.E.2d 37; T.S. Expediting Serv., supra, at ¶ 15.
[16] Albright v. Cincinnati Equitable Ins., 3rd Dist. No. 3-04-01,2004-Ohio-4010, ¶ 18; Hopkins v. Quality Chevrolet, Inc. (1992),79 Ohio App.3d 578, 582, 607 N.E.2d 914.
[17] Hopkins, supra, at 582.
[18] Bank One Cincinnati, N.A. v. Wells (Sept. 18, 1996), 1st Dist. No. C-950279; Rice v. General Dynamics Land Systems (1993),86 Ohio App.3d 841, 844, 621 N.E.2d 1304; Suki v. Blume (1983),9 Ohio App.3d 289, 290, 459 N.E.2d 1311.
[19] See Perry v. General Motors Corp. (1996), 113 Ohio App.3d 318,323-324, 680 N.E.2d 1069; Hopkins, supra, at 582; Sycamore Messenger,Inc. v. Cattle Barons, Inc. (1986), 31 Ohio App.3d 196, 196-197,509 N.E.2d 977. Compare Caldwell, supra.
[20] See Blakemore, supra, at 218.
[21] Rose Chevrolet, supra, at 20; Caldwell, supra.
[22] See Pfeiffer v. State Automobile Mut. Ins. Co., 1st Dist. No. C-050683, 2006-Ohio-5074, ¶ 18; Sycamore Messenger, supra, at 197;Oberle v. Valihora Motor Transp., Inc. (June 5, 1985), 1st Dist. No. C-840549.
[23] Gosink v. Hamm (1996), 111 Ohio App.3d 495, 499, 676 N.E.2d 604
(Bettman, J., concurring); Kling v. Teasdale Cleaners, Inc. (Sept. 29, 1993), 1st Dist. Nos. C-920459 and C-920487.
[24] See Pfeiffer, supra, at ¶ 16; Perry, supra, at 320;Oberle, supra.