DECISION. *Page 2 
{¶ 1} Richard Goettle, Inc. ("Goettle"), appeals from the trial court's entry that dismissed its complaint for lack of subject-matter jurisdiction. We affirm the judgment of the trial court.
 {¶ 2} In July 1999, William Lamp was injured in the course of his employment with Goettle. In the case numbered A-0001745, Lamp filed an intentional-tort claim against Goettle, International Construction Equipment, Inc., JM Hydraulic Service, Inc., and ICE Northeast, Inc., seeking damages for his injuries. In November 2001, Lamp signed a settlement agreement with Goettle, International Construction Equipment, and ICE Northeast, Inc., and voluntarily dismissed all the defendants. The settlement agreement provided that Lamp "completely release[d] and forever discharge[d] Defendants and insurers from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, which [Lamp had], or which may [have] accrued or otherwise [have been] acquired, on account of, or may [have] in any way grow[n] out of the incident[.]"
 {¶ 3} In February 2003, Goettle learned that Lamp had filed an application for a violation of specific safety requirements (the "VSSR claim") with the Ohio Industrial Commission. The VSSR claim had been filed in July 2001. Goettle sought to have the Industrial Commission dismiss Lamp's VSSR claim, arguing the Lamp had released all his claims, including the VSSR claim, in the settlement agreement. The Industrial Commission denied Goettle's request to dismiss the claim, but left *Page 3 
open the possibility that it would consider the settlement at the hearing on the merits of the claim.
 {¶ 4} In October 2003, Goettle filed a motion requesting that the trial court enforce the November 2001 settlement agreement and set off any amounts paid to Lamp under the settlement agreement against any award granted by the Industrial Commission for his VSSR claim. The trial court granted Goettle's motion. But this court reversed the trial court's ruling, concluding that the trial court no longer had jurisdiction over the settlement agreement because the underlying claim had been dismissed by Lamp.[1]
 {¶ 5} Goettle then filed a separate complaint for a declaratory judgment, seeking enforcement of the settlement agreement. Both parties moved for summary judgment. The trial court denied the motions and dismissed Goettle's complaint, concluding that it did not have subject-matter jurisdiction over the VSSR claim. Goettle now appeals this dismissal.
 {¶ 6} In its first assignment of error, Goettle asserts that the trial court erred when it dismissed the complaint for lack of subject-matter jurisdiction. We disagree.
 {¶ 7} The Industrial Commission "shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees * * *[.]"[2] The Industrial Commission's jurisdiction over VSSR claims is exclusive.[3] *Page 4 
 {¶ 8} Goettle argues that, as a state-fund employer, it was not required to seek the approval of the Industrial Commission before settling the VSSR claim with Lamp. Because it could settle the claim without the Industrial Commission's approval, Goettle contends, the claim was properly a part of the settlement agreement, and it was within the trial court's jurisdiction to enforce the settlement agreement.
 {¶ 9} We are unpersuaded by Goettle's argument because its reliance on R.C. 4123.65 is misplaced. R.C. 4123.65 provides the means by which parties may apply for approval of a final settlement of a claim. Under the statute, self-insured employers are subject to certain requirements — that the settlement agreement be in writing and that the agreement not be effective until 30 days after its signing. The Ohio Supreme Court has held that state-fund employers who settle compensation claims are not subject to the R.C. 4123.65 requirements.[4] But the statute refers to claims under R.C. Chapter 4123, which covers workers' compensation claims. VSSR claims, which are provided for in R.C. Chapter 4121, are "additional claims" that are treated differently from workers' compensation claims. The Industrial Commission's staff hearing officers, who have original jurisdiction over applications for additional awards for VSSRs,[5] can order an award to a claimant, issue corrective orders to the employer, and, if the violation is the second violation in 24 months, assess a civil penalty against the employer.[6]
 {¶ 10} That VSSR claims are considered differently than workers' compensation claims is borne out by Ohio Adm. Code 4121-3-20(F), which provides for a separate process for the settlement of VSSR claims. According to the *Page 5 
procedure, a staff hearing officer shall consider the joint application of the employee and the employer, or, in the case of a state-fund employer, the administrator of workers' compensation, on an agreed settlement.[7] When an employer applies separately to settle a VSSR claim against it, "the staff hearing officer shall issue an order either approving or disapproving the employer's application for settlement."[8] Unlike R.C. 4123.65, no distinction is made between self-insured and state-fund employers. We conclude that the settlement process set forth in R.C. 4123.65 does not diminish the exclusive jurisdiction over VSSR claims vested in the Industrial Commission by the Ohio Constitution.
 {¶ 11} Given the exclusivity of the Industrial Commission's jurisdiction, we conclude that the trial court properly held that it did not have jurisdiction to determine whether Lamp had released his VSSR claim as a part of the settlement agreement. We therefore overrule the first assignment of error. And because our conclusion that the trial court did not have jurisdiction is dispositive, we do not consider the second assignment of error. The judgment of the trial court is accordingly affirmed.
Judgment affirmed.
HILDEBRANDT, P.J., and DINKELACKER, J., concur.
[1] Lamp v. Richard Goettle, Inc., 1st Dist. No. C-040461,2005-Ohio-1877.
[2] Section 35, Article II, Ohio Constitution.
[3] See State ex rel. Newell v. Indus. Comm. of Ohio (1963),174 Ohio St. 375, 189 N.E.2d 443, paragraph one of the syllabus; State ex rel.Goodyear Tire Rubber Co. v. Tracey (1990), 66 Ohio App.3d 71,583 N.E.2d 426; State ex rel. Moore v. Indus. Comm. of Ohio (1985),29 Ohio App.3d 239, 504 N.E.2d 1125.
[4] Jones v. Action Coupling Equip., Inc., 98 Ohio St.3d 330,2003-Ohio-1099, 784 N.E.2d 1172, paragraph one of the syllabus.
[5] R.C. 4121.35(B)(3).
[6] R.C. 4121.47(B).
[7] Ohio Adm. Code 4121-3-20(F)(1).
[8] Ohio Adm. Code 4121-3-20(F)(2). *Page 1