[Cite as *Duff v. Ohio Adult Parole Auth.*, 2017-Ohio-8895.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dennis Duff, | : | |
| Plaintiff-Appellant, | : | No. 16AP-851 |
| | | (Ct. of Cl. No. 2016-00445) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 7, 2017

**On brief**: *Dennis Duff*, pro se.

**On brief**: *Michael DeWine*, Attorney General, and *Jeanna V. Jacobus*, for appellee.

APPEAL from the Court of Claims of Ohio

BROWN, J.

{¶ 1} Dennis Duff, plaintiff-appellant, appeals from the judgment of the Court of Claims of Ohio in which the court granted the motion to dismiss appellant's complaint, based on lack of jurisdiction, filed by the Ohio Adult Parole Authority ("OAPA"), defendant-appellee.

{¶ 2} Appellant is an inmate in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"). In July 2015, he was interviewed by the parole board for a final revocation hearing for parole violations. The parole board extended his incarceration for an additional 30 months.

{¶ 3} On June 2, 2016, appellant filed a complaint seeking declaratory judgment and injunctive relief against OAPA, as well as raising an apparent negligence claim,

alleging the parole board used inadequate and incorrect information in making its parole determination. Appellant also requested $50,000 in monetary damages. On July 12, 2016, OAPA filed a motion to dismiss, pursuant to Civ.R. 12(B)(1), claiming appellant was, in essence, appealing the parole board's denial, and the Court of Claims lacked subject-matter jurisdiction to decide such a case.

{¶ 4} On November 21, 2016, the Court of Claims granted OAPA's motion to dismiss. The court agreed with OAPA that the root of appellant's complaint was appealing his parole decision and seeking to have it overturned. The court concluded it had no jurisdiction to hear a claim attacking a parole board's decision to grant or deny parole because that decision is an executive function involving a high degree of official judgment or discretion. Appellant appeals the judgment of the Court of Claims, asserting the following assignment of error:

> TRIAL COURT COMMITTED REVERSIBLE ERROR IN DISMISSING APPELLANT'S COMPLAINT UNDER CIVIL RULE 12(B)(1), BECAUSE THE COMPLAINT WAS PROPER AND THE LOWER COURT HAD EXCLUSIVE JURISDICTION.

{¶ 5} Appellant argues in his sole assignment of error the court erred when it dismissed his complaint, pursuant to Civ.R. 12(B)(1), because the complaint was proper, and the Court of Claims had exclusive jurisdiction. In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court determines whether the claim raises any action cognizable in that court. *Brown v. Levin*, 10th Dist. No. 11AP-349, 2012-Ohio-5768; *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. However, in making a determination regarding subject-matter jurisdiction "[t]he trial court is not confined to the allegations of the complaint," and "it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus. Subject-matter jurisdiction involves " 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Robinson* at ¶ 5, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. We apply a de novo standard when we review a trial court's ruling

on a Civ.R. 12(B)(1) motion to dismiss. *Robinson* at ¶ 5, citing *Hudson v. Petrosurance, Inc.*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12.

{¶ 6} The Court of Claims is a court of limited jurisdiction that has exclusive, original jurisdiction over claims brought against the state as a result of the state's waiver of immunity in R.C. 2743.02. R.C. 2743.03 established the Court of Claims, granting it "exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code." R.C. 2743.03(A)(1). Thus, claims seeking legal relief from the state as permitted by the statutory waiver of immunity fall within the exclusive jurisdiction of the Court of Claims. *Id.*; *Cirino v. Ohio Bur. of Workers' Comp.*, 8th Dist. No. 104102, 2016-Ohio-8323, ¶ 46, citing *Measles v. Indus. Comm.*, 128 Ohio St.3d 458, 2011-Ohio-1523,¶ 7.

{¶ 7} Furthermore, "[t]he mere fact that claims in a complaint are couched in certain legal terms is insufficient to confer jurisdiction upon a court. * * * Instead, in order to resolve the issue of whether a court has subject-matter jurisdiction over a party's claims, the court must look beyond the language used in the complaint and examine the underlying nature of the claims." *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 11.

{¶ 8} In the present case, the court found the root of appellant's complaint was an appeal of his parole decision and his seeking to have it overturned. Appellant argues on appeal that he is not appealing the decision of OAPA, and he is not asking for release from prison. He claims he is asking for a parole hearing that is conducted within the guidelines of the policies and procedures outlined in OAPA's handbook. He asserts OAPA used inaccurate, non-existent, baseless information in making its parole determination.

{¶ 9} We disagree with appellant's contentions and agree with the Court of Claims that appellant's present claims fall under the purview of our decision in *Deavors v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 98AP-1105 (May 20, 1999). In *Deavors*, an inmate brought an action in the Court of Claims against ODRC, asserting ODRC wrongly continued his sentence. The inmate sought to be released from prison and recover damages incurred as a result of ODRC's continuing his sentence. The Court of Claims dismissed the action on the basis that it lacked jurisdiction to hear the inmate's claims. On appeal, this court found that a parole board's decision to grant or deny parole is an

executive function involving a high degree of official judgment or discretion. *Id.*, citing *Von Hoene v. State*, 20 Ohio App.3d 363, 364 (1st Dist.1985). Thus, we concluded the Court of Claims has no jurisdiction to hear a claim attacking a parole board's decision to grant or deny parole.

{¶ 10} Although, in the present case, appellant seeks to frame his cause of action as one not seeking to be immediately released from prison but one seeking a parole redetermination based on the rules and guidelines adopted by OAPA, the underlying basis of his declaratory judgment claim, injunctive relief claim, and apparent negligence claim is that OAPA used inaccurate, non-existent, baseless information in making its parole determination. Such claims necessarily attack the high degree of official judgment and discretion the OAPA has in making parole eligibility determinations.  In essence, appellant is arguing that the rationale OAPA utilized in arriving at its determination was incorrect. As such, appellant's complaint was, in effect, an appeal of OAPA's parole determination, which the Court of Claims lacks subject-matter jurisdiction to review.

{¶ 11} Furthermore, the Court of Claims Act, R.C. Chapter 2743, does not apply "[t]o the extent that the state ha[d] previously consented to be sued" in the courts of common pleas. R.C. 2743.02(A)(1).  Thus, if, prior to the state's waiver of immunity, the law permitted a party to pursue a particular type of action against the state, then the Court of Claims lacks jurisdiction to hear that type of action. *Selective Ins. Co. of Am. v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-597, 2012-Ohio-1314, ¶ 20. As such, the Court of Claims has no jurisdiction over actions that only seek declaratory judgment or injunctive relief because, before the advent of the Act, parties could sue the state for declaratory and injunctive relief in the courts of common pleas. *Racing Guild of Ohio, Local 304*, 28 Ohio St.3d 317, 320 (1986).

{¶ 12} However, when a claim for declaratory judgment, injunctive relief, or other equitable relief is ancillary to a claim over which the Court of Claims has jurisdiction, the court possesses jurisdiction to adjudicate the entire action. R.C. 2743.03(A)(2); *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97, 103 (1991). The Court of Claims has exclusive jurisdiction over civil actions against the state for monetary damages that sound in law.  *Measles* at ¶ 7.  Thus, if a plaintiff asserts a legal claim for monetary damages in addition to a claim for declaratory and/or injunctive relief, and all of the

asserted claims arise out of the same circumstances, then the Court of Claims can exercise jurisdiction over the entire action. *Interim HealthCare of Columbus, Inc. v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 07AP-747, 2008-Ohio-2286, ¶ 13.

{¶ 13} In the present case, in addition to his prayer for injunctive and declaratory judgment relief in his complaint, appellant prays for $50,000 in monetary relief. However, appellant fails to indicate in his complaint how he sustained damages in the amount of $50,000. Although appellant does claim he has suffered a loss of earned freedom as a result of OAPA's allegedly negligent parole determination, such a claim is contrary to his assertion that he is not seeking a release from prison or the granting of parole but merely a parole redetermination. What appellant actually seems to be alleging is that because he was entitled to be released, the state should pay him $50,000. As we have found above, appellant's negligence claim is one that necessarily attacks the high degree of official judgment and discretion the Court of Claims has in making parole eligibility determinations. Thus, the Court of Claims lacked jurisdiction over this cause of action. Given appellant has no viable legal claim for monetary damages, the Court of Claims had no jurisdiction over his equitable claims for injunctive and declaratory relief. For all of the foregoing reasons, we find the Court of Claims did not err when it granted OAPA's motion to dismiss appellant's complaint. Therefore, appellant's single assignment of error is overruled.

{¶ 14} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

_____