[Cite as *Zarbana Indus., Inc. v. Hayes*, 2018-Ohio-4965.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Zarbana Industries, Inc., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 18AP-104 |
| v. | : | (C.P.C. No. 17CV-2705) |
| Jeremy M. Hayes et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 11, 2018

**On brief:** *Bugbee & Conkle*, *LLP*, *Gregory B. Denny*, and *Mark S. Barnes*, for appellant. **Argued:** *Mark S. Barnes*.

**On brief:** *Michael DeWine*, Attorney General, and *John Smart*, for appellees Industrial Commission of Ohio and Ohio Bureau of Workers' Compensation. **Argued:** *John Smart*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, Zarbana Industries, Inc., appeals the judgment of the Franklin County Court of Common Pleas dismissing appellant's declaratory action for lack of jurisdiction. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In June 2013, Jeremy M. Hayes was an employee of appellant when he sustained a serious injury to his right hand involving multiple amputations and fractures. After his workers' compensation claim was allowed, on May 27, 2015, Hayes filed an application alleging appellant violated various specific safety requirements pursuant to R.C. 4121.47 ("VSSR application"). Appellant denied the allegations of the VSSR application.

{¶ 3}   By letter dated October 29, 2015, the Industrial Commission of Ohio ("commission") informed the parties that the potential award in the VSSR claim ranged from $20,866 to $69,554, subject to increase as compensation is paid.  The letter states that whether to negotiate a settlement is a discretionary matter between the parties, and "[i]f a settlement is reached, it is the policy of the [commission] to assist in bringing the matter to rapid conclusion."  (Claim Value at Settlement Letter at 1.)  The letter points the parties to the commission's IC-10 VSSR Settlement Agreement form ("IC-10 form"), which is not required by the commission, to assist in expediting in the process.  The letter indicates if settlement is reached, the parties should submit the IC-10 form for approval to the commission.

{¶ 4}   A staff hearing officer ("SHO") heard the merits of the VSSR application on March 17, 2016; a transcript of the hearing was filed on April 4, 2016.  Before the SHO mailed a decision on the merits of the SHO application, the parties negotiated and eventually agreed to settle the VSSR claim for $2,000 and filed the IC-10 form with the commission on April 8, 2016.  The IC-10 form filed by the parties states the settlement is "subject to the approval of the [commission]."  (IC-10 Form at 1.)  A hearing on the VSSR settlement was then scheduled for May 11, 2016 before the same SHO who heard the merits of the VSSR application.  The commission denied appellant's request to cancel the hearing due to the settlement.

{¶ 5}   On May 12, 2016, the SHO mailed two orders: one considering the merits of Hayes' VSSR claim ("VSSR merit order") and one considering the VSSR settlement ("denial of settlement order").  In the VSSR merit order, the SHO found a violation of Ohio Adm.Code 4123:1-5-10(C)(3)(a) and, as a result, ordered an additional award of "30 percent of the maximum weekly rate" to Hayes based on "the serious violation on the part of [appellant] which resulted in Hayes' injury, and the serious nature of Hayes' injuries." (VSSR Merit Order at 12.)  In the denial of settlement order, the SHO explained when the parties filed the settlement, the SHO had already prepared but not published a written decision adjudicating the merits of the VSSR application; this prompted the SHO to set a hearing on settlement pursuant to Ohio Adm.Code 4121-03-20(F).  After that hearing and based on the VSSR merit order and the potential award in the VSSR claim for such a violation, the SHO found the settlement for $2,000 "neither fair nor equitable."  (Denial of

Settlement Order at 2.)   Therefore, the SHO rejected and denied the settlement in its entirety.

{¶ 6}   Appellant filed an IC-12 notice of appeal asking the commission to reconsider and vacate the SHO's denial of settlement order, to set the request for reconsideration for hearing before the full commission, and to approve the VSSR settlement.  The commission set appellant's request for reconsideration for a hearing, pursuant to R.C. 4123.511 and 4123.52, after which it determined appellant had failed to meet its burden of proving sufficient grounds exist to justify the commission's exercise of continuing jurisdiction.  As a result, on May 22, 2016, the commission denied appellant's request for reconsideration and determined the SHO's order remained in full force and effect.

{¶ 7}   On May 17, 2017, appellant filed in the common pleas court a complaint for declaratory action pursuant to R.C. 2721.02 against Hayes, the commission, and the Administration of the Ohio Bureau of Workers' Compensation ("BWC").  The complaint alleges the commission lacks statutory authority to hear and determine VSSR settlement agreements and therefore was required to accept Hayes and appellant's VSSR settlement agreement and dismiss the VSSR application.  As a result, appellant alleged the staff hearing officer's orders mailed May 12, 2016 were void.  Appellant demanded the court:

> [E]nter judgment, declaring neither the Commission nor the [BWC] has authority over VSSR settlement agreements; declaring the Commission's [May 12, 2016 orders] void; and granting such other and further relief as the court deems just and proper.

(Compl. for Declaratory Jgmt. at 7.)

{¶ 8}   On October 19, 2017, the BWC filed a motion to dismiss requesting the trial court dismiss the BWC as a party in the action.  The trial court granted the motion to dismiss on December 16, 2017, stating "the [BWC] and [appellant] are not adverse parties and no controversy exists between them."  (Dec. 26, 2017 Entry at 4-5.)

{¶ 9}   On January 22, 2018, the trial court filed a decision dismissing the case for lack of jurisdiction.  The trial court offered two reasons to support its lack of jurisdiction. First, the commission has "original, exclusive jurisdiction over VSSR settlements" under Article II, Section 35 of the Ohio Constitution, R.C. 4121.35(B), and, by way of rule-making authority under R.C. 4121.13(E), Ohio Adm.Code 4121-3-20(F)(1).  (Trial Ct. Decision at 5.)

Therefore, the trial court found it lacks jurisdiction to consider appellant's attempt to secure a declaratory judgment regarding the commission's authority over VSSR settlements. The trial court referenced *Richard Goettle, Inc. v. Lamp*, 1st Dist. No. C-060724, 2007-Ohio-4466, in support of this reason. Second, the trial court found it lacked jurisdiction because a special statutory proceeding is involved. The trial court cited to *C&K Indus. Servs. v. Smith*, 8th Dist. No. 71757 (Nov. 20, 1997), in support of a trial court properly dismissing a declaratory judgment complaint in a VSSR settlement case.

{¶ 10} Appellant filed a timely appeal.

## II. ASSIGNMENT OF ERROR

{¶ 11} Appellant assigns the following as trial court error:

> I. THE TRIAL COURT ERRED IN IN [sic] FINDING IT LACKED JURISDICTION TO ADDRESS APPELLANT'S DECLARATORY JUDGMENT ACTION.
>
> II. THE TRIAL COURT ERRED IN DISMISSING THE BUREAU OF WORKERS' COMPENSATON [sic] FROM APPELLANT'S DECLARATORY JUDGMENT ACTION.

## III. STANDARD OF REVIEW

{¶ 12} Generally, "[d]ismissal of a declaratory judgment action is reviewed under an abuse-of-discretion standard." *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, paragraph two of the syllabus, following *Bilyeu v. Motorists Mut. Ins. Co.*, 36 Ohio St.2d 35, 37 (1973) (reviewing dismissal of declaratory actions under Civ.R. 12(B)(6) involving analysis of elements of a declaratory action); *Harris v. Ohio Dept. of Veterans Servs.*, 10th Dist. No. 16AP-895, 2018-Ohio-2165, ¶ 24 (reviewing dismissal of declaratory actions under Civ.R. 12(B)(6) involving analysis of elements of a declaratory action); *OMG MSTR LSCO, LLC v. Ohio Dept. of Medicaid*, 10th Dist. No. 18AP-223, 2018-Ohio-4843, ¶ 10.

{¶ 13} However, a dismissal based on the lack of subject-matter jurisdiction over a declaratory action "inherently raises questions of law, and our review is de novo." *Zupancic v. Wilkins*, 10th Dist. No. 08AP-472, 2009-Ohio-3688, ¶ 6 (applying de novo review in addressing the issue of "whether the trial court had jurisdiction over appellants' declaratory action, the resolution of which depends upon whether a declaratory judgment action is the appropriate mechanism by which to contest a determination made by the Tax

Commissioner"), citing *Groza-Vance v. Vance*, 162 Ohio App.3d 510, 2005-Ohio-3815, ¶ 13 (10th Dist.). *B.H. v. State Dept. of Adm. Servs.*, 10th Dist. No. 16AP-747, 2017-Ohio-9030, ¶ 14 ("We review de novo a dismissal for lack of subject-matter jurisdiction."); *Duff v. Ohio Adult Parole Auth.*, 10th Dist. No. 16AP-851, 2017-Ohio-8895, ¶ 5.

{¶ 14} "[S]ubject-matter jurisdiction involves a court's power to hear and decide a case on the merits." *B.H. at* ¶ 14. "The standard for dismissal for lack of subject-matter jurisdiction is whether any cause of action cognizable in the forum has been asserted in the complaint." *Id.*

## IV. LEGAL ANALYSIS

### A. Appellant's First Assignment of Error

{¶ 15} Appellant's first assignment of error contends the trial court erred in finding it lacked jurisdiction to address appellant's declaratory judgment action. Specifically, appellant argues the trial court erred in dismissing its declaratory judgment action for lack of jurisdiction because: (1) "neither the workers' compensation statute nor the constitution of Ohio give the industrial commission or the [BWC] exclusive jurisdiction to intervene in settlements of VSSR claims"; and (2) Ohio Adm.Code 4121-3-20(F) is not a "special statutory proceeding" addressing VSSR settlements. (Appellant's Brief at vi, 24.)

{¶ 16} The commission's authority in relation to VSSR claims originates in Article II, Section 35 of the Ohio Constitution, which reads in pertinent part:

> For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. * * * Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final.

{¶ 17} The statutory scheme enacted reflects this constitutional provision of authority and addresses VSSR violations in R.C. Chapter 4121. Under R.C. 4121.47(A),

"[n]o employer shall violate a specific safety rule adopted by the administrator of workers' compensation pursuant to section 4121.13 of the Revised Code or an act of the general assembly to protect the lives, health, and safety of employees pursuant to section 35 of Article II, Ohio Constitution." Pursuant to R.C. 4121.35(B)(3), the commission, through its SHOs, has "original jurisdiction to hear and decide" VSSR applications. If the SHO finds the employer guilty of violating R.C. 4121.47(A), the SHO "shall, in addition to any award paid to the claimant, issue an order to the employer to correct the violation." R.C. 4121.47(B). Certain repeat violations result in a civil penalty, imposition of which may be appealed to the court of common pleas. R.C. 4121.47(B) and (C).

{¶ 18} R.C. Chapter 4121 empowers the commission, through the BWC, to adopt "reasonable and proper rules relative to the exercise of his powers and authorities." R.C. 4121.13(E). *See also* R.C. 4121.03(E), 4121.31(A), and 4121.36. Relative to additional awards for VSSR violations, the BWC adopted Ohio Adm.Code 4121-3-20. Ohio Adm.Code 4121-3-20(F)(1) addresses settlement of VSSR agreements, stating in pertinent part:

> Joint application of the claimant and the employer, or the administrator in a case where the settlement proceeds are to be paid from the state insurance fund, on an agreed settlement shall be considered by a staff hearing officer without hearing. Such an application to settle a violation application shall be considered by a staff hearing officer either prior to the determination of the application for an additional award for violation of a specific safety requirement, or after such an application has been adjudicated, and such agreed settlements shall be processed in the same manner. If the staff hearing officer finds that the settlement is appropriate, the staff hearing officer shall issue an order approving it. If the staff hearing officer does not find the settlement to be appropriate in its present form, the staff hearing officer shall schedule a hearing with notices to all parties and their representatives where the matter of the proposed settlement is to be considered. Following the hearing, the staff hearing officer shall issue an order either approving or disapproving the settlement, *and the order shall be final.*

(Emphasis added.) The rule cites R.C 4121.03, 4121.31, and 4121.36 as statutory authority and states it amplifies R.C. 4121.35, 4121.47, and Article II, Section 35 of the Ohio Constitution.

{¶ 19} Pursuant to R.C. 4121.35(B)(5), the commission additionally has original jurisdiction to hear and decide "[r]eviews of settlement agreements pursuant to section 4123.65 of the Revised Code," which governs applications for approval of final settlement of claims under R.C. Chapter 4123. Decisions of the staff hearing officer regarding settlement agreements under R.C. 4123.65 "are final and not appealable to the commission or to court under section 4123.511 or 4123.512 of the Revised Code." R.C. 4121.35(B)(5); *see also* R.C. 4123.65(F).

{¶ 20} "Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such jurisdiction as is conferred on them under the provisions of the Workmen's Compensation Act." *Jenkins v. Keller*, 6 Ohio St.2d 122 (1966), paragraph four of the syllabus. The Supreme Court of Ohio has found that Article II, Section 35 of the Ohio Constitution "vests exclusive and final jurisdiction in the commission, with respect to specific-safety-requirement violations, subject to correction in mandamus upon a showing of an abuse of discretion." *State ex rel. B & C Machine Co. v. Indus. Comm.*, 65 Ohio St.3d 538, 541 (1992). *See also OMG* at ¶ 13. "Without question, specific-safety-requirement-violation determinations by the commission are not directly appealable to the court of common pleas." *B & C Machine Co.* at 540. *Richard Goettle*, 2007-Ohio-4466, at ¶ 11 (affirming the trial court's dismissal of the employer's declaratory action complaint after concluding, "[g]iven the exclusivity of the Industrial Commission's jurisdiction, * * * the trial court properly held that it did not have jurisdiction to determine whether [the injured worker] had released his VSSR claim as a part of the settlement agreement").

{¶ 21} In his first argument concerning the authority of the commission, appellant agrees the power to hear and determine VSSR applications lies exclusively with the commission under Article II, Section 35 of the Ohio Constitution, R.C. 4121.35(B)(3) and 4121.47, and Supreme Court precedent. Appellant also agrees the commission has statutory authority to review settlements of workers' compensation claims generally under R.C. 4121.35(B)(5) and 4123.65 and agrees Ohio Adm.Code 4121-3-20(F) purports to give the commission power to consider and approve VSSR settlement agreements. Nevertheless, appellant argues the Ohio Constitution and Ohio Revised Code are silent on the commission's authority over VSSR settlement agreements specifically, and the commission

thus acted on "unlawful presumed authority" under an administrative code section which is essentially a "nullity." (Appellant's Brief at 22.) Appellant argues even if Ohio Adm.Code 4121-3-20(F) is not a nullity, the word "appropriate" in Ohio Adm.Code 4121-3-20(F) means "the Commission has authority to approve a settlement that is structurally suitable." (Appellant's Reply Brief at 9, 11.) Appellant believes the commission's rejection of the settlement agreement interfered with the principle of "freedom to contract." (Appellant's Brief at 15.)

{¶ 22} Appellant cites to *State ex rel Ashcraft v. Indus. Comm.*, 15 Ohio St.3d 126 (1984), as an example of a case where the Supreme Court held that any action taken by the commission under a resolution adopted in a manner exceeding its authority was a nullity. *Ashcraft* was a case arising in mandamus and does answer the question of why the trial court had jurisdiction over the declaratory judgment action here. The other two cases cited by appellant originated through a direct administrative appeal and through an action for a writ of prohibition, respectively, and therefore likewise do not address the propriety of the declaratory action here. *In re Application of Ohio Power Co.*, 144 Ohio St.3d 1, 2015-Ohio-2056 (considering an administrative appeal related to Public Utilities Commission of Ohio's power and authority under statute related to certain rates and charges); *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224 (considering an action for a writ of prohibition to prevent the Oil and Gas Commission from exercising further jurisdiction in the appeal and to vacate any actions taken by the commission).

{¶ 23} Overall, appellant's first argument simply reiterates the merits of the declaratory action appellant filed in the trial court, which concerns the commission's authority relative to VSSR settlement agreements. However, appellant did not provide any argument or legal authority connecting why the commission's alleged lack of authority over VSSR settlement agreements necessarily means the trial court has jurisdiction over this declaratory judgment action. Therefore, appellant has not met his burden in demonstrating error on appeal in this regard. App.R. 16(A)(7); *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal); *McKahan v. CSX Transp., Inc.*, 10th Dist. No. 09AP-376, 2009-Ohio-5359, ¶ 10 (noting that it is not the duty of an appellate court to create an argument on an appellant's behalf).

{¶ 24} Appellant's second argument regarding the lack of a special statutory proceeding similarly falls short of demonstrating reversible error. Appellant agrees that a declaratory judgment action cannot be used to bypass a special statutory proceeding. *Zupancic*, 2009-Ohio-3688, at ¶ 19 (finding actions for declaratory judgment are inappropriate where a special statutory proceeding would be bypassed); *Ferguson v. State*, 151 Ohio St.3d 265, 2017-Ohio-7844.

{¶ 25} However, appellant argues the trial court erroneously found Ohio Adm.Code 4121-3-20(F) constitutes a special statutory proceeding since "it is a rule" rather than a statute. (Appellant's Brief at 24.) Appellant also notes the case cited by the trial court, *C&K Indus. Servs.*, is not controlling law, is erroneous to the extent it determined Ohio Adm.Code 4121-3-20(F) is a special statutory proceeding, and is otherwise distinguishable in that it involved a declaratory judgment action filed prematurely in the middle of the administrative process—prior to the commission reaching a final decision—and sought trial court relief regarding the legitimacy and enforcement of the settlement agreement itself.

{¶ 26} First, appellant's statement that the trial court found Ohio Adm.Code 4121-3-20(F) constitutes a special statutory proceeding is not entirely accurate. The trial court found a special statutory proceeding is involved here based on the broad VSSR claims and settlement scheme outlined earlier in the trial court's decision. In addition to Ohio Adm.Code 4121-3-20(F), the authorities referenced by the trial court included Article II, Section 35 of the Ohio Constitution and a multitude of sections in R.C. Chapter 4121, including R.C. 4121.35(B) and 4121.13(E). Therefore, appellant's argument regarding a special statutory proceeding not applying to a rule is based on a premise which is against the record.

{¶ 27} Furthermore, as provided above, the Supreme Court has found that Article II, Section 35 of the Ohio Constitution "vests exclusive and final jurisdiction in the commission, with respect to specific-safety-requirement violations," resulting in VSSR determinations to be not directly appealable to the court of common pleas. *B & C Machine Co.* at 541; *Richard Goettle* at ¶ 11. Where a direct appeal of an administrative order is not provided by statute, this court has held it is nonetheless improper to use a declaratory action as a substitute for a direct appeal. *Zupanic* at ¶ 19-23 (addressing the issue of whether the trial court had jurisdiction over appellant's declaratory judgment action). In

light of these authorities, appellant has not demonstrated the trial court erred in finding a special statutory proceeding is involved in this case so as to render a declaratory action improper.

{¶ 28} Collectively, under this assignment of error, appellant is essentially claiming a declaratory action is a proper vehicle to challenge "the validity of the Commission's authority under the workers' compensation statute or under Ohio Admin.Code 4121-3-20(F)" without providing this court with the legal framework or authorities regarding the trial court's jurisdiction over declaratory actions generally or as applied within the procedural posture of this case.  (Appellant's Brief at 27.)  We decline to create arguments on appellant's behalf as to the trial court's jurisdiction over the particular declaratory judgment action in this case sufficient to sustain its assignment of error.  *McKahan*. Therefore, on the record of this case, we find appellant has not met its burden on appeal to demonstrate reversible error.  App.R. 16(A)(7); *Sims*; *McKahan; Perry v. Joseph*, 10th Dist. No. 07AP-359, 2008-Ohio-1107, ¶ 19.

{¶ 29} Accordingly, we overrule appellant's first assignment of error.

### B.  Appellant's Second Assignment of Error

{¶ 30} Appellant's second assignment of error contends the trial court erred in dismissing the BWC from its declaratory judgment action since BWC is a necessary party to the action.  In the first assignment of error, we overruled appellant's assignment of error contending the trial court erred in dismissing the case due to the lack of jurisdiction.  As a result, we find appellant's second assignment of error to be moot.

{¶ 31} Accordingly, appellant's second assignment of error is moot.

## V.  CONCLUSION

{¶ 32} Having overruled appellant's first assignment of error and finding the second assignment of error moot, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

————————————