**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Reister v. Gardner*, **Slip Opinion No. 2020-Ohio-5484.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-5484

REISTER, RECEIVER, APPELLANT, *v.* GARDNER ET AL, APPELLEES;

CLARKWESTERN DIETRICH BUILDING SYSTEMS, L.L.C., D.B.A.

CLARKDIETRICH, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Reister v. Gardner*, Slip Opinion No. 2020-Ohio-5484.]**

*Corporations—Directors—Breach-of-fiduciary-duty claims—The business-judgment rule and the litigation privilege are separate concepts—Motions for judgment on the pleadings—Complaint was sufficient to state actionable claims that should not have been dismissed.*

(No. 2019-1815—Submitted August 5, 2020—Decided December 3, 2020.)

APPEAL from the Court of Appeals for Butler County, Nos. CA2019-01-010, CA2019-01-011, and CA2019-01-020, 2019-Ohio-4720.

_____

FISCHER, J.

{¶ 1} The law is a large and sometimes complicated field.  It is made less complicated by the fact that litigants, lawyers, and judges alike may look to

precedent for guidance. The Federalist No. 78 at 471 (Alexander Hamilton) (Clinton Rossiter Ed.1961). From time to time, however, discrete concepts are nonetheless confused, and the clarity provided by prior decisions gets muddied. This case involves one such instance of confusion. Because the Twelfth District Court of Appeals conflated the litigation privilege with the business-judgment rule in its decision affirming the trial court's decision to grant judgment on the pleadings, we clarify the separate nature of these rules, and we reverse the Twelfth District's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Appellant, ClarkWestern Dietrich Building Systems, L.L.C., d.b.a. ClarkDietrich, previously sued the Certified Steel Stud Association, Inc. ("the association"), a Delaware corporation, and its member companies. That lawsuit primarily alleged that the association made defamatory statements about the quality of ClarkDietrich's products in a trade publication that the association published and disseminated. Appellees, William Gardner and Edward Slish, were members of the association's board of directors at that time.

{¶ 3} As relevant here, ClarkDietrich's defamation case proceeded to a lengthy jury trial. During that trial, ClarkDietrich settled its claims against each of the association's member companies and offered to dismiss its remaining claims against the association with prejudice. The association's board, however, voted to reject that offer, apparently in part due to concerns about related litigation that were not addressed by the offer. ClarkDietrich, satisfied that it had been vindicated by the settlements it had already reached, then filed a motion with the trial court to dismiss the case with prejudice. The association opposed this request and asked the trial court to deny the motion. The trial court granted the association's request, denying ClarkDietrich's motion and allowing the case to proceed. Eventually, in what can only be described as a "be careful what you wish for" turn of events, the jury returned a unanimous verdict in favor of ClarkDietrich along with a $49.5

million judgment. The association was ultimately responsible for $43 million of that amount.

{¶ 4} After the judgment was subsequently affirmed on appeal, *Clarkwestern Dietrich Bldg. Sys., L.L.C. v. Certified Steel Stud Assn., Inc.*, 12th Dist. Butler No. CA2016-06-113, 2017-Ohio-2713, ClarkDietrich moved the trial court to appoint a receiver on behalf of the association so that the association could pursue potential breach-of-fiduciary-duty claims against the directors and could obtain the funds it needed, in whole or in part, to satisfy the considerable judgment. The trial court granted the motion and appellant, John J. Reister, was appointed as the receiver.

{¶ 5} After his appointment as receiver, Reister filed this action against the association's four directors, including Gardner and Slish, and designated ClarkDietrich as an interested party. The complaint alleged that the directors breached their fiduciary duties by mishandling the ClarkDietrich litigation and rejecting multiple opportunities to resolve the case at no cost to the association. Arguing that their actions were protected by the litigation privilege, Gardner and Slish each moved for judgment on the pleadings. The trial court agreed with Gardner and Slish and granted those motions.

{¶ 6} On appeal, the Twelfth District Court of Appeals affirmed the trial court's judgment. According to the Twelfth District, "[t]he actions taken and statements made by Gardner and Slish in the underlying matter [were] protected and provided immunity under the litigation privilege rule." 2019-Ohio-4720, 149 N.E.3d 112, ¶ 27. Like the trial court, the Twelfth District determined that the litigation privilege is broad and immunizes " 'actions' as opposed to merely 'statements.' " *Id.* at ¶ 25. The Twelfth District accordingly reasoned that the rule is applicable to a corporate board of directors' decision to forgo settling a case. *Id.* at ¶ 26. Judge Stephen Powell dissented and observed that the litigation privilege

is narrower in scope than either the trial court or the majority had acknowledged. *Id.* at ¶ 37-42 (Powell, J., dissenting).

{¶ 7} Following the Twelfth District's split decision, Reister and ClarkDietrich separately appealed here and we accepted their appeals. *See* 158 Ohio St.3d 1434, 2020-Ohio-877, 141 N.E.3d 242.

## II. ANALYSIS

{¶ 8} The central issue in this appeal is the proper scope of the litigation privilege in Ohio. The litigation privilege provides absolute immunity to parties, witnesses, lawyers, and judges from future lawsuits for *statements* made during and relevant to judicial proceedings. *Erie Cty. Farmers' Ins. Co. v. Crecelius*, 122 Ohio St. 210, 171 N.E. 97 (1930), syllabus; *Willitzer v. McCloud*, 6 Ohio St.3d 447, 448-449, 453 N.E.2d 693 (1983); *Surace v. Wuliger*, 25 Ohio St.3d 229, 495 N.E.2d 939 (1986), syllabus; *Hecht v. Levin*, 66 Ohio St.3d 458, 460, 613 N.E.2d 585 (1993). To be clear, it still does that.

{¶ 9} Contrary to 90 years of precedent, however, the court of appeals applied the litigation privilege to actions rather than statements when it held that the litigation privilege shielded the business decisions of the corporate directors in this case. The court justified this departure from our precedent by looking to Florida law, *see Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So.2d 606, 608 (Fla.1994), and importing concepts borrowed from the business-judgment rule. Specifically, the Twelfth District stated that it was "contrary to the purposes of the litigation privilege rule to second-guess the litigation strategy employed by the directors and the Association's counsel" and that "[c]onsistent with the purposes of the litigation privilege rule, directors Slish and Gardner should be free to use their best judgment in defending the underlying lawsuit without fear of having to defend their action in a subsequent civil action for those decision[s]." 2019-Ohio-4720, 149 N.E.3d 112, at ¶ 29.

4

**{¶ 10}** We respectfully reject the determination by the court of appeals and clarify that in this case, Ohio law, not Florida law, controls and defines the contours of the litigation privilege. In doing so, we reaffirm our long-established rule that the litigation privilege provides absolute immunity from civil suits for defamatory *statements* made during and relevant to judicial proceedings. *Willitzer* at 448-449; *Crecelius* at syllabus. We further clarify that the business-judgment rule and the litigation privilege are, in fact, discrete concepts.

**{¶ 11}** Because this case involves a Delaware corporation and litigation that took place in Ohio, we apply Ohio law to define the litigation privilege and we look to Delaware law to define the directors' fiduciary duties and the business-judgment rule, *see Gries Sports Ents., Inc. v. Cleveland Browns Football Co., Inc.*, 26 Ohio St.3d 15, 20, 496 N.E.2d 959 (1986). Reviewing the pleadings in this case under the guiding principles established by the applicable law, we hold that judgment on the pleadings was improper.

### A. *Distinguishing Between the Litigation Privilege and the Business-Judgment Rule*

**{¶ 12}** The business-judgment rule is "a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Aronson v. Lewis,* 473 A.2d 805, 812 (Del.1984), *overruled on other grounds*, *Brehm v. Eisner*, 746 A.2d 244, 254 (Del.2000). It is a recognition that judges, with the benefit of hindsight, should not second-guess the numerous and difficult real-time choices that corporate officers and directors are faced with, *Sinclair Oil Corp. v. Levien*, 280 A.2d 717, 720 (Del.1971), unless, of course, the presumption that the officers and directors acted in accordance with their fiduciary duties is rebutted, *Aronson* at 812.

**{¶ 13}** The business-judgment rule is not unique to specific transactions and applies to any decision made pursuant to the directors' authority under Delaware

law. *Zapata Corp. v. Moldanado*, 430 A.2d 779, 782 (Del.1981). Accordingly, the business-judgment rule may apply to the decisions that directors make in connection with litigation involving the corporation they serve. *Id.* ("managerial decision making power * * * encompasses decisions whether to initiate, or refrain from entering, litigation"). This necessarily means that the business-judgment rule may apply to decisions regarding the settlement of a lawsuit. *See, e.g., White v. Panic*, 783 A.2d 543, 552 (Del.2001) ("The decision to approve the settlement of a suit against the corporation is entitled to the same presumption of good faith as other business decisions taken by a disinterested, independent board").

{¶ 14} The litigation privilege, by contrast, is designed to protect "the integrity of the judicial process" by affording participants in litigation with immunity from future lawsuits over relevant *statements* made during judicial proceedings. *Willitzer*, 6 Ohio St.3d at 449, 453 N.E.2d 693. By removing the fear of future consequences, the litigation privilege facilitates the disclosure of "pertinent information" and helps to "ascertain the truth." *Id.* The litigation privilege is therefore applicable to statements that bear "some reasonable relation to the judicial proceeding in which" they appear. *Surace*, 25 Ohio St.3d 229, 495 N.E.2d 939, at syllabus. It is not applicable, however, to conduct that is simply connected in some way to litigation. *Willitzer* at 449-450 (concluding that the litigation privilege shielded a physician from liability arising from his testimony in judicial proceedings but not from claims arising from the manner in which he conducted examinations). Consequently, the litigation privilege has nothing to do with the *decisions* that corporate directors make during litigation.

{¶ 15} So, while the business-judgment rule may apply to the decisions that directors make during the course of litigation involving the corporation they serve (and there may even be additional statutory protections for those directors when their decisions are informed by the advice of counsel, *see* Del.Code Ann., Title 8, 141(e)), the litigation privilege is entirely distinct. Again, the litigation privilege

6

protects participants in litigation from future suits over *statements* made during the litigation. The business-judgment rule, on the other hand, is a standard of review that affords deference to the decisions that informed and conflict-free directors make while managing the affairs of a corporation, including decisions regarding litigation.

### B. Judgment on the Pleadings Was Improper

{¶ 16} Having clarified that the litigation privilege protects statements, not actions, and is a concept separate from the business-judgment rule, we turn to the pleadings in this case and consider whether the decision to grant judgment on the pleadings was proper.

{¶ 17} Our review of a judgment on the pleadings is de novo. *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.,*157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, ¶ 8. Dismissal is appropriate under Civ.R. 12(C) when (1) the court construes as true, and in favor of the nonmoving party, the material allegations in the complaint and all reasonable inferences to be drawn from those allegations and (2) it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

{¶ 18} The complaint in this case alleges that the directors owed the association certain fiduciary duties, that the directors breached those duties as a result of their handling of the litigation involving the association, and that the alleged breach of those duties damaged the association. The complaint specifically alleges that the directors were conflicted due to their positions as employees of other corporations that were competitors of ClarkDietrich and that the decisions that the directors made here were, as a result, irrational and not in the best interest of the association. In light of those alleged facts and others, the complaint goes on to allege that these decisions were not a valid exercise of business judgment.

{¶ 19} Considering the applicable standard of review and the fact that a litigant need only include "a short and plain statement of the claim showing that the party is entitled to relief," Civ.R. 8(A), the complaint here was sufficient to state actionable claims against Gardner and Slish that should not have been dismissed. The litigation privilege does not change this, and, based on the pleadings, it is premature to say whether the business-judgment rule will apply here. Accordingly, judgment on the pleadings was inappropriate.

### *C. Remand*

{¶ 20} Given our resolution of the issues presented here, remand to the trial court is necessary. In light of the confusion below, we note that our decision is specific only to this stage of the proceedings. While we have clarified that the litigation privilege and the business-judgment rule are separate concepts and that judgment on the pleadings was improper at the time it was entered, nothing in our decision should be construed as passing judgment on the merits of this case or on whether the business-judgment rule will apply at later stages of these proceedings. That issue, the application of the business-judgment rule at those later stages, and the outcome of this case should be decided on remand.

### III. Conclusion

{¶ 21} For the reasons stated above, we reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, DEWINE, and DONNELLY, JJ., concur.

STEWART, J., concurs in judgment only.

————————

Helmer, Martins, Rice & Popham Co., L.P.A., James B. Helmer Jr., Robert M. Rice, Jennifer L. Lambert, and B. Nathaniel Garrett; and Millikin & Fitton Law Firm, Steven A. Tooman, and Heather Sanderson Lewis, for appellant John J. Reister.

Frost Brown Todd, L.L.C., and Mathew C. Blickensderfer; and Cohen & Grigsby, P.C., Anthony M. Cillo, and Fridrikh V. Shrayber, for appellant ClarkWestern Dietrich Building Systems, L.L.C.

Dinsmore & Shohl, L.L.P., Brian S. Sullivan, Peter J. Georgiton, and Justin M. Burns; and Chamberlain, Hrdlicka, White, Williams & Aughtry, Scott M. Ratchick, and John C. Guin, for appellee Edward R. Slish.

Taft, Stettinius & Hollister, L.L.P., Daniel R. Warncke, and Aaron M. Herzig; and Fox Rothschild, L.L.P., Jeffrey M. Pollock, and Robert J. Rohrberger, for appellee William A. Gardner.

Squire Patton Boggs, L.L.P, Lauren S. Kuley, and Benjamin Beaton; and Kevin D. Shrimp, urging affirmance for amicus curiae, Ohio Chamber of Commerce.

_____