[Cite as *Home Preferred Home Care, Ltd. v. Hiscox Ins. Co.*, 2023-Ohio-1059.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HOME PREFERRED HOME CARE, LTD. | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff | : | Hon. Andrew J. King, J. |
| | : | |
| -vs- | : | |
| | : | |
| COURTNEY RENAY ARNOLD, ET AL. | : | |
| | : | |
| Third-Party Plaintiffs-Appellants | : | Case No. 2022CA00122 |
| | : | |
| -vs- | : | |
| | : | |
| HISCOX INSURANCE COMPANY | : | |
| | : | |
| Third-Party Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Court of Common Pleas, Case No. 2020CV000929

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    March 30, 2023

APPEARANCES:

For Third-Party Plaintiffs-Appellants

CARI FUSCO EVANS
MARK F. FISCHER
3521 Whipple Avenue NW
Canton, OH 44718

DARRELL N. MARKIJOHN
4580 Stephen Circle NW
Suite 300
Canton, OH 44718

For Third-Party Defendant-Appellee

ELAN R. KANDEL
SABRINA HAURIN
JOLENE S. GRIFFITH
10 West Broad Street
Suite 2100
Columbus, OH 43215

*King, J.*

{¶ 1} Third-Party Plaintiffs-Appellants, Courtney Renay Arnold, Tim Arnold, and First Choice Home Care, LLC, appeal the June 8, 2021 judgment entry of the Court of Common Pleas of Stark County, Ohio, denying their motion for summary judgment and granting a motion for judgment on the pleadings filed by Third-Party Defendant-Appellee, Hiscox Insurance Company. Appellants also appeal the July 27, 2022 denial of their motion for reconsideration. The judgment entries became final appealable orders via judgment entry of settlement and dismissal filed September 22, 2022. Plaintiff is Home Preferred Home Care, Ltd. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} In January 2019, plaintiff Home Preferred Home Care, Ltd. hired appellant Courtney as its operations manager. Courtney received an employee manual which included a confidentiality policy and a conflict of interest policy precluding her from working for an identical or similar company without notifying her supervisor immediately. In July 2019, while still employed by Home Preferred, Courtney, together with her husband, appellant Tim, formed a new company, appellant First Choice Home Care, LLC, which conducts the same business as Home Preferred. In June 2020, Courtney quit her employment with Home Preferred.

{¶ 3} On June 24, 2020, Home Preferred filed a complaint against appellants seeking injunctive relief relating to claims for misappropriation of trade secrets under R.C. 1333.61 et seq., tortious interference with business relations, and civil conspiracy. The complaint alleged Courtney solicited Home Preferred's employees to join First Choice, took its client leads and placed them with First Choice, accessed, downloaded, and

copied its manuals and confidential trade secrets for First Choice, took one or more of its existing clients for First Choice, and stole its client lists, employee lists, and internal pricing information. Home Preferred also alleged during her employment, Courtney acted "in direct violation of her job responsibilities with a specific intent to harm Plaintiff and cause Plaintiff to be out of compliance and risk losing its license to practice as a home care agency" and she accessed private client medical files and personal information with a specific intent to steer clients to her new company. Also on June 24, 2020, Home Preferred filed a Civ.R. 65 motion for temporary restraining order and preliminary injunction. The motion was subsequently denied via judgment entries filed June 25, and November 3, 2020.

{¶ 4} First Choice was insured under a commercial general liability policy and a professional liability policy issued by appellee Hiscox Insurance Company. First Choice, as an insured, and Courtney and Tim, as sole proprietors of the business, requested a defense and indemnification from appellee under the commercial general liability policy. Appellee denied the claim for coverage because it did not fall within the scope of coverage of the policy and was barred by the policy's trade secret exclusion. The professional liability policy is not applicable to the issues in this case.

{¶ 5} On December 30, 2020, appellants filed a third-party complaint against appellee, seeking coverage under the applicable policy. Appellants stated they were entitled to a defense and to indemnification. On February 8, 2021, appellee filed an answer and counterclaim, seeking a declaration of no coverage under the policy.

{¶ 6} On April 8, 2021, appellants filed a motion for summary judgment against appellee, claiming they were entitled to a defense, indemnification, and attorney fees

incurred in defending the action. On the same date, appellee filed a motion for judgment on the pleadings, claiming the claim for coverage did not fall under the scope of coverage of the policy and was excluded under the trade secret exclusion.

{¶ 7} On May 12, 2021, Home Preferred filed a motion to file an amended complaint instanter which the trial court granted. On June 7, 2021, Home Preferred filed an amended complaint to add claims for breach of duty of good faith and fair dealing, breach of contract, breach of duty of loyalty, tortious interference with potential business relations, tortious interference with contracts and potential contracts, and damages.

{¶ 8} On June 8, 2021, the trial court filed a judgment entry denying appellants' motion for summary judgment and granting appellee's motion for judgment on the pleadings, finding no coverage under the policy for the claims asserted by Home Preferred against appellants and therefore, appellee did not have a duty to defend or indemnify appellants. The trial court analyzed the motions under Home Preferred's claims alleged in the amended complaint. The order was not a final appealable order. The case between Home Preferred and appellants proceeded with discovery, depositions, and motions.

{¶ 9} On June 7, 2022, appellants filed a motion for reconsideration or in the alternative, motion to vacate judgment. By judgment entry filed July 27, 2022, the trial court denied the motion.

{¶ 10} A judgment entry of settlement and dismissal was filed on September 22, 2022, resolving the dispute between Home Preferred and appellants and dismissing all claims and counterclaims with prejudice. The June 8, 2021 and July 27, 2022 judgment

entries resolving the claims between appellants and appellee were deemed final appealable orders.

{¶ 11} Appellants filed an appeal with the following assignment of error:

I

{¶ 12} "THE TRIAL COURT ERRED IN DECLARING THAT HISCOX OWED NO DUTY TO DEFEND APPELLANTS PURSUANT TO A COMMERCIAL LIABILITY POLICY THAT PROVIDED COVERAGE FOR PERSONAL AND ADVERTISING INJURY."

I

{¶ 13} In their sole assignment of error, appellants claim the trial court erred in declaring appellee owed no duty to defend them under the commercial liability policy. We disagree.

{¶ 14} Civ.R. 12(C) governs a motion for judgment on the pleadings and states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Under this rule, "dismissal is only appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Sanzo Enterprises, LLC v. Erie Insurance Exchange,* 2021-Ohio-4268, 182 N.E.3d 393, ¶ 27 (5th Dist.), citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 664 N.E.2d 931 (1996). In considering a Civ.R. 12(C) motion, a trial court is "restricted solely to the allegations in the complaint and answer, as well as any material attached as exhibits to those pleadings." *Schmitt v. Educational*

*Service Center of Cuyahoga County,* 8th Dist. Cuyahoga No. 97623, 2012-Ohio-2210, ¶ 9. We review a trial court's decision to grant a motion for judgment on the pleadings de novo. *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, 174 N.E.3d 713, ¶ 17.

{¶ 15} As stated by Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 16} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 17} Appellee insured First Choice under a commercial liability policy.[1]  In their December 30, 2020 third-party complaint, appellants sought a defense and indemnification from appellee under the policy.  *See* Request at 4 and 6.  In their April 8, 2021 motion for summary judgment at 6, appellants argued coverage under Coverage B of the policy which provides the following in pertinent part:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

{¶ 18} In their motion, appellants argued the following definitions of "personal and advertising injury" listed under Section V(14) entitled them to coverage:

---

[1]The insurance policy is attached to appellants' December 30, 2020 third-party complaint against appellee as Exhibit 2.

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".[2]

{¶ 19} Appellants then directed the trial court to paragraphs 33 and 34 of Home Preferred's original complaint, as well as a paragraph from Home Preferred's motion for temporary restraining order and preliminary injunction which was filed contemporaneously with the complaint:

33. Social media postings by Defendant T. Arnold show his ongoing effort to create the new company by stealing everything from Plaintiff in order to do so.

34. In her competing business, while fully employed by Plaintiff, Defendant C. Arnold contacted employees, contacted clients and contacted referral

---

[2]In their appellate brief at fn. 5, appellants state they are solely contesting alleged defamation, subsection (d). Any arguments made in their motion for summary judgment pertaining to anything other than subsection (d) will not be addressed.

sources, all with a specific intent to illegally compete and to harm Plaintiff and to operate Defendant's new business.

[TRO] Home Preferred has also learned that in the process of soliciting employee/aides, she continuously made defamatory comments about her employer. Of course, she was aware of the defamatory information because she caused the defamatory information. In other words, she failed to do things in her job as the director of operations which directly put her employer at risk of losing its certification. All of the foregoing came to light after Defendant C. Arnold stopped showing up for work.

{¶ 20} In conclusion, appellants argued these allegations entitled them to a defense under the personal and advertising injury coverage of the policy. Appellants argued reasonable minds can come to only one conclusion and that is they are entitled to all costs in defending against Home Preferred's claims and immediate representation to the continued defense of the matter, and "they are entitled to a declaration that they are entitled to indemnification for any damages awarded for personal and advertising injury relating to claims of alleged defamation or infringement in the context of advertisement." *Id.* at 9.[3]

{¶ 21} Also on April 8, 2021, appellee filed a motion for judgment on the pleadings, claiming the claim for coverage did not fall under the scope of coverage of the policy and

---

[3]We note in their June 3, 2021 reply in support of their motion for summary judgment, appellants stated: "Defendants are not requesting a declaration that they are entitled to indemnity for the claims asserted by Plaintiff. The issue presented is whether Hiscox owes a duty to defend, which the law makes clear is much broader than the duty to indemnify."

furthermore, was excluded under the trade secret exclusion. Appellee argued at 17 appellants' claim "relates to damages caused by misappropriation of trade secrets and not from 'bodily injury' or 'property damage,' or 'personal and advertising injury,' " and therefore the claim is not covered under the policy. In addition, appellee argued appellants' claim is excluded from coverage under Coverage B, section (2) Exclusions which states the following:

This insurance does not apply to:

**i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.[4]

{¶ 22} In its June 8, 2021 judgment entry denying appellants' motion for summary judgment and granting appellee's motion for judgment on the pleadings, the trial court looked to all of the allegations in Home Preferred's amended complaint filed on June 7, 2021, and found the following:

---

[4]In their June 7, 2022 motion for reconsideration, appellants state they are not claiming the exception to the exclusion applies.

Upon review of the Amended Complaint filed by Home Preferred, there are no allegations that Third-Party Plaintiffs' interference with the business of Home Preferred arises out of alleged disparagement of the business, defamatory statements made by the Third-Party Plaintiff, or infringement regarding an advertisement.  Rather, the claims contained within Home Preferred's Amended Complaint all stem from allegations that the Third-Party Plaintiffs removed and now possess from Home Preferred confidential, proprietary and trade secret information, including but not limited to information regarding the clients of Home Preferred, client requirements, employees, business strategies, marketing plans, cost structure information, referral sources, and business methods.

{¶ 23} The trial court found Home Preferred's allegations did not fall under the personal and advertising injury language of the policy and, even if the allegations were covered under the policy, coverage would be excluded under the aforementioned trade secret exclusion.

{¶ 24} We concur with the trial court's analysis.  In closely scrutinizing the pleadings de novo, we do not find any language in the nine counts to suggest a claim under the personal and advertising injury language under Section V(14)(d) of the policy (oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services). Home Preferred's claims allege misappropriation of trade secrets and appellants' actions in perpetuating the misappropriation.  There are no allegations of any materials from

appellants that slander or libel or disparages Home Preferred. *Celebreeze v. Dayton Newspapers, Inc.,* 41 Ohio App.3d 343, 346, 535 N.E.2d 755 (8th Dist.1988) (no assertion of a false statement of fact which was defamatory and published by defendants which proximately caused injury to plaintiff and defendants acted with the requisite degree of fault). Any allegations or claims of defamation made in a motion for a temporary restraining order or in a discovery deposition as argued by appellants are outside the pleadings and will not be considered if "the allegations in the complaint are not vague or ambiguous and do not state a claim potentially or arguably within policy coverage." *Hahn's Electric Co. v. Cochran,* 10th Dist. Franklin Nos. 01AP-1391 and 01AP-1394, 2002-Ohio-5009, ¶ 20. As stated by our colleagues from the Second District in *Leland Electrosystems, Inc. v. Travelers Insurance Co.,* 2d Dist. Montgomery No. 8580, 1984 WL 5371, *2 (July 10, 1984):

Thus, the inquiry into the insurers duty to defend must naturally begin with a close scrutinization of the allegations of the disputed complaint. If such a review reveals claims which "potentially" or "arguably" fall within the purview of the policy, then, and only then, does *Willoughby Hills* [*v. Cincinnati Insurance Co.,* 9 Ohio St. 3d 177, 459 N.E.2d 555 (1984)] dictate that a court look to extraneous matters to determine whether a defense is required of the insurer. On the other hand where a court reviews a complaint and concludes beyond a doubt that there are not arguable covered claims encompassed therein it need not stretch the allegations beyond reason to impose a duty upon the insurer. To do so would

effectively impose an absolute duty on the insurer to provide a defense to the insured regardless of the cause of action stated in the complaint. Even under the liberal notions of notice pleading it would be inherently unfair to require the insurer to provide a defense where the pleadings fail to notify, even arguably, that the insured is being sued on a claim covered by the policy.

{¶ 25} We find the counts in Home Preferred's complaint are not vague or ambiguous nor do they "potentially" or "arguably" fall within policy coverage.

{¶ 26} Furthermore, as the trial court did, we find the trade secret exclusion to apply. The policy specifically precludes coverage for the infringement of trade secrets as cited above in ¶ 22. Appellants did not argue against the exclusion in their appellate brief.

{¶ 27} Appellants also did not make a specific argument in their appellate brief regarding the denial of their June 7, 2022 motion for reconsideration or in the alternative, motion to vacate judgment. In reviewing the motion, we find it reiterated the same arguments relating to statements made in the motion for temporary restraining order and a discovery deposition but in the context of the pleadings made in the amended complaint. The trial court stated it had based its ruling on a review of the amended complaint. The motion for reconsideration did not add anything new.

{¶ 28} Upon review, we find the trial court did not err in granting appellee's motion for judgment on the pleadings and in denying appellants' motions for summary judgment and reconsideration.

{¶ 29} The sole assignment of error is denied.

{¶ 30} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By King, J.

Wise, P.J. and

Baldwin, J. concur.

AJK/db