[Cite as *Bailey v. Ohio Dept. of Dev. Disabilities*, 2023-Ohio-3144.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| LINDA BAILEY | Case No. 2022-00463JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Robert Van Schoyck |
| v. | |
| OHIO DEPARTMENT OF<br>DEVELOPMENTAL DISABILITIES | <u>ENTRY GRANTING DEFENDANT'S<br>MOTION FOR JUDGMENT ON THE<br>PLEADINGS</u> |
| Defendant | |

{¶1} Plaintiff brings this action seeking to recover monetary damages against Defendant, Ohio Department of Developmental Disabilities. In the portion of her form complaint for describing the basis of her claim, Plaintiff alleges as follows:

> Claimant's ward, Joshua Akins, has been physically abused by Ohio Depart[ment] of Developmental Disabilities via the Cuyahoga County Board of Developmental Disabilities. State agency has admitted allegations, claimant has pictures of abuse (physical). Claimant states that her ward has tested positive multiple times for fentanyl. Ward does not have a prescription for that drug. Claimant has medical records stating the positive results and police reports for corrupting another with drugs. Claimant states that Ward is severely autistic and is non-verbal.

Complaint, ¶ 12.

{¶2} On June 21, 2023, Defendant filed a Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C). Plaintiff filed a response on July 5, 2023.

{¶3} "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C). "Dismissal is appropriate under Civ.R. 12(C) when (1) the court construes as true, and in favor of the

nonmoving party, the material allegations in the complaint and all reasonable inferences to be drawn from those allegations and (2) it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief." *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, 174 N.E.3d 713, ¶ 17. "Therefore, a Civ.R. 12(C) motion 'tests the allegations of the complaint and presents a question of law.'" *Jackson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 19AP-621, 2020-Ohio-1518, ¶ 11, quoting *Zhelezny v. Olesh*, 10th Dist. Franklin No. 12AP-681, 2013-Ohio-4337, ¶ 9.

{¶4} Defendant argues in its motion that because the abuse of Plaintiff's ward allegedly occurred through the acts or omissions of the Cuyahoga County Board of Developmental Disabilities, the state is not the proper defendant. According to Defendant, the Cuyahoga County Board of Developmental Disabilities is not an agent of the state but instead is a political subdivision over which the Court of Claims lacks jurisdiction. In short, Defendant argues, it "cannot be held liable for the alleged acts or omissions of the County Board." Motion, p. 6.

{¶5} Plaintiff disagrees, arguing that "[t]he Court of Claims does have jurisdiction in this matter as the statutes state that the Court has authority over Boards such as the one in question here, as the Cuyahoga County Board of DD is a submissive agent of the Defendant and through Ohio statutes and rules, empowered by the Defendant." Response, pp. 6-7. According to Plaintiff, "[t]he Ohio Administrative Rules governing the Defendant state the caretaking function the Defendant has over County Boards of DD as they are clearly directed with overseeing all functions of the County Boards through Chapters 5123-4 & 5123.2-1." *Id.* at p. 7.

{¶6} "The Court of Claims is a court of limited jurisdiction that has exclusive, original jurisdiction over claims brought against the state as a result of the state's waiver of immunity in R.C. 2743.02." *Duff v. Ohio Adult Parole Auth.*, 2017-Ohio-8895, 100

N.E.3d 1144, ¶ 6 (10th Dist.).  As used in R.C. Chapter 2743, "'[s]tate' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state.  'State' does not include political subdivisions."  R.C. 2743.01(A).  "'Political subdivisions' means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches."  R.C. 2743.01(B).

{¶7} Pursuant to R.C. 5126.02, each county shall have its own county board of developmental disabilities.  The board of county commissioners and the senior probate judge are the appointing authorities for a county board of developmental disabilities.  R.C. 5126.01(C).  A county board of developmental disabilities has powers and duties as set forth in R.C. 5126.05.  As a matter of law, being a county body responsible for governmental activities only in a geographic area smaller than that of the state, a county board of developmental disabilities is a political subdivision—not an instrumentality of the state—for purposes of R.C. Chapter 2743.  *See Starks v. Bur. of Motor Vehicles*, 10th Dist. Franklin No. 98AP-1177, 1999 Ohio App. LEXIS 3558, *9-10 (Aug. 5, 1999) ("a court of appeals, being responsible for governmental activities in a geographic area smaller than that of the state, is a political subdivision").

{¶8} With respect to Plaintiff's assertion that the county boards of developmental disabilities operate under state oversight and serve as an 'agent' of the state, "'[a]lthough many social programs operate under state or federal oversight and financing, they still remain local governmental operations of the political subdivision. The local agencies and county commissioners are not agents of the state absent statutory language to that effect.'"  *Williams v. Ohio Dept. of Human Servs.*, 10th Dist. Franklin No. 95API06-778, 1995 Ohio App. LEXIS 5470, *6 (Dec. 12, 1995), quoting

*Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 72, 491 N.E.2d 1101 (1986); *see also Vincent v. Hamilton Cty. Community Mental Health Bd.*, 1st Dist. Hamilton No. C-850885, 1986 Ohio App. LEXIS 8850, *3-4 (Oct. 29, 1986). While it is true, as Plaintiff notes, that Defendant has promulgated administrative rules in Ohio Adm.Code Chapters 5123-4 and 5123:2 relating to county boards of developmental disabilities, Plaintiff has identified no statutory language to the effect that a county board of developmental disabilities is an agent of the state for purposes of R.C. Chapter 2743.

{¶9} Making all reasonable inferences in favor of Plaintiff, although the complaint seeks monetary damages against the named Defendant, Ohio Department of Developmental Disabilities, this case is predicated upon the alleged abuse of Plaintiff's ward "via the Cuyahoga County Board of Developmental Disabilities", a political subdivision over which the Court of Claims lacks jurisdiction. *See Williams* at *6 ("Counties are not the state but, rather, are political subdivisions and fall outside the legislature's statutory waiver of 'state' immunity and the Court of Claims' jurisdiction."); *Daugherty v. Ohio Dept. of Human Servs.*, 10th Dist. Franklin No. 00AP-1093, 2001 Ohio App. LEXIS 708 (Feb. 27, 2001) ("the Ohio Court of Claims does not have jurisdiction over an action involving a county department of human services."). The allegations of the complaint do not challenge any act or omission on the part of Defendant nor has Plaintiff identified any viable legal theory that could impose liability upon Defendant. Accordingly, the Court finds beyond doubt the Plaintiff can prove no set of facts entitling her to relief in the Court of Claims.

{¶10} Based upon the foregoing, the Defendant is entitled to judgment as a matter of law and Defendant's Motion for Judgment on the Pleadings is GRANTED. Any claim based upon the acts or omissions of the Cuyahoga County Board of Developmental Disabilities is DISMISSED without prejudice for lack of subject matter jurisdiction, and the complaint is otherwise DISMISSED for failure to state a claim upon which relief can be granted. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
LISA L. SADLER
Judge

**Filed August 4, 2023**
**Sent to S.C. Reporter 9/7/23**