[Cite as *Katakis v. Hahn*, 2024-Ohio-1210.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | SIXTH JUDICIAL DISTRICT |
| COUNTY OF WOOD | ) | |

GEORGE KATAKIS, et al.

    Appellees

    v.

BROOKE HAHN, et al.

    Appellant

C.A. No.      2023WD0035

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WOOD, OHIO
CASE No.    2022CV0424

DECISION AND JOURNAL ENTRY

Dated: March 29, 2024

HENSAL, Judge.

**{¶1}** Brooke Hahn appeals an order of the Wood County Court of Common Pleas that denied her motion for judgment on the pleadings. For the following reasons, this Court affirms.

I.

**{¶2}** George and Betty Katakis own a parcel of land in Troy Township that was originally zoned for agricultural use. In 2018, they asked the Township to rezone a corner of the parcel for commercial use. The Township granted their request. In 2019, the Katakises sought to develop the rest of the parcel as a subdivision of single-family homes. They, therefore, filed another application for rezoning, which the Township granted, changing the land to residential use. According to the Katakises, the second application only applied to the part of the parcel that was still zoned agricultural. Ms. Hahn, the Township's zoning inspector, however, has taken the position that the second zoning resolution changed the entire parcel to residence use, including the corner that had been rezoned as commercial.

{¶3}    The Katakises filed a complaint, which they later amended, against Ms. Hahn, the Township, and the county recorder, seeking a declaration that the corner of their property is zoned commercial and an injunction that would prohibit the Township from taking any other position. They also sued Ms. Hahn for intentional interference with a business relationship.  After Ms. Hahn and the Township filed an answer, the Katakises moved for partial judgment on the pleadings on their declaratory judgment claim.  Ms. Hahn and the Township also moved for partial judgment on the pleadings, arguing that the declaratory judgment and injunction causes of action are barred and without merit, and that Ms. Hahn is immune from liability under Revised Code Section 2744.03(A)(6).

{¶4}    The trial court denied both motions.  It determined that both sides had reasonable interpretations of the Township's zoning resolutions and that the ambiguity of the resolutions could not be determined from the pleadings.  Regarding the tortious interference claim against Ms. Hahn, it determined it could not say from the pleadings that the Katakises can prove no set of facts that would entitle them to relief.  Ms. Hahn has appealed, assigning as error that the trial court incorrectly denied her immunity under Section 2744.03(A)(6).

II.

ASSIGNMENT OF ERROR

THE LOWER COURT ERRONEOUSLY DENIED DEFENDANT/APPELLANT
BROOKE HAHN THE BENEFIT OF IMMUNITY UNDER R.C. 2744.03(A)(6).

{¶5}    Ms. Hahn argues that the trial court incorrectly denied her judgment on the pleadings on the Katakises' intentional interference claim.  She argues that, as an employee of a political subdivision, she is entitled to immunity under Section 2744.03(A)(6).

{¶6} A motion for judgment on the pleadings is governed by Civil Rule 12(C). That rule provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "In ruling on a Civ.R. 12(C) motion, a court may consider both the complaint and the answer, as well as any material attached as exhibits to those pleadings." *Valentine v. Hood*, 6th Dist. Lucas No. L-23-1046, 2023-Ohio-2250, ¶ 12. "Dismissal is appropriate under Civ.R. 12(C) when (1) the court construes as true, and in favor of the nonmoving party, the material allegations in the complaint and all reasonable inferences to be drawn from those allegations and (2) it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief." *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, ¶ 17. Review of the trial court's judgment is de novo. *Id.*

{¶7} Section 2744.03(A) provides a list of "defenses or immunities" that "may be asserted to establish nonliability" "[i]n a civil action brought against * * * an employee of a political subdivision[.]" Section 2744.03(A)(6) provides that, in addition to other immunities or defense, an "employee is immune from liability unless one" of three conditions applies. The first is if "[t]he employee's acts or omission were manifestly outside the scope of the employee's employment or official responsibilities[.]" R.C. 2744.03(A)(6)(a). The second is if "[t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" R.C. 2744.03(A)(6)(b). The third is if "[c]ivil liability is expressly imposed upon the employee by a section of the Revised Code." R.C. 2744.03(A)(6)(c). The Katakises alleged in their amended complaint that Ms. Hahn did not have immunity under both Section 2744.03(A)(6)(a) and (b). In her motion, Ms. Hahn argued that none of the exceptions applied.

{¶8} Ms. Hahn argues that all the allegations against her relate to her position as the Township's zoning inspector, which includes a duty to enforce the Township's zoning resolution.

It, therefore, can be inferred that she was acting in the course and scope of her position and that Section 2744.03(A)(6)(a) does not apply. There also is no section of the Revised Code that imposes liability on her, so Section 2744.03(A)(6)(c) does not apply.

{¶9} Regarding Section 2744.03(A)(6)(b), Ms. Hahn argues that the Katakises must do more than merely allege that she acted with a malicious purpose, in bad faith, or in a wanton and reckless manner. In *Maternal Grandmother v. Hamilton County Department of Job and Family Services*, 167 Ohio St.3d 390, 2021-Ohio-4096, the Ohio Supreme Court held that notice pleading is sufficient "when a complaint invokes the exception to a government employee's immunity under R.C. 2744.03(A)(6)(b)[.]" *Id*. at ¶ 11. It specifically rejected the idea that a plaintiff might be "held to a heightened pleading standard or expected to plead the factual circumstances surrounding an allegation of wanton or reckless behavior with particularity." *Id*.; *Gaither v. Kelleys Island Local School Dist. Bd. of Edn.*, 6th Dist. Erie No. E-22-013, 2023-Ohio-1299, ¶ 33.

{¶10} The Katakises' amended complaint alleges that Ms. Hahn engaged in deliberate misconduct because she has claimed that the part of their property that was rezoned commercial was included in the rezoning of the parcel to residential, contrary to the plain language of the second zoning resolution. It also alleges that, despite being advised of her error, Ms. Hahn refuses to remedy her misconduct or retract false statements she has made. When considering these allegations in the context of a motion for judgment on the pleadings, we conclude that the Katakises have sufficiently pleaded an exception to immunity. *See Gaither* at ¶ 35. We also cannot say that there is no set of facts that would entitle the Katakises to relief on their claim. *Id*. at ¶ 28, 35 (noting that "[b]ad faith" includes "conscious wrongdoing"), quoting *Horen v. Bd. of Edn. of Toledo Pub. Schools*, 6th Dist. Lucas No. L-09-1143, 2010-Ohio-3631, ¶ 48.

**{¶11}** Ms. Hahn argues that her conduct cannot be deemed malicious, wanton, reckless, or done in bad faith because her interpretation of the zoning resolutions is reasonable, something the trial court expressly found. We note, however, that the statements from the order that Ms. Hahn points to were made in the context of determining whether either side was entitled to a declaratory judgment. Both sides moved for partial judgment on the pleadings as to the Katakises' declaratory judgment claim. The court, therefore, had to determine whether there was any interpretation of the language of the zoning resolution that could support each sides' position. That is a different question than whether, viewing all allegations and the reasonable inferences that can be drawn from them in a light most favorable to the Katakises, it appears beyond doubt that the Katakises can prove no set of facts that would entitle them to relief. *Reister*, 164 Ohio St.3d 546, 2020-Ohio-5484 at ¶ 17.

**{¶12}** Upon review of the record, we conclude that the trial court did not err when it determined that it could not say that there is no set of facts that would entitle the Katakises to relief on their intentional interference claim. It, therefore, correctly denied Ms. Hahn's motion for partial judgment on the pleadings. Ms. Hahn's assignment of error is overruled.

III.

**{¶13}** Ms. Hahn's assignment of error is overruled. The order of the Wood County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wood, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CARR, J.
CONCUR.

(Hensal, J., Sutton, P.J., and Carr, J. of the Ninth District Court of Appeals sitting by assignment.)

APPEARANCES:

JOHN T. MCLANDRICH and FRANK H. SCIALDONE, Attorneys at Law, for Appellant.

ANDREW R. MAYLE and BENJAMIN G. PADANILAM, Attorneys at Law, for Appellees.