[Cite as *R.G. v. Ginn*, 2024-Ohio-2033.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [R.G.] Administrator of the Estate of [A.G.], deceased, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | No. 23AP-665 |
| Renee Ginn et al., | | (C.P.C. No. 22CV-3698) |
| | : | |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| | : | |
| Jason Mantell et al., | : | |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

D E C I S I O N

Rendered on May 28, 2024

**On brief:** *Spangenberg Shibley & Liber LLP*, *Jeremy A. Tor*, *Nichaols A. Dicello*, and *Kevin C. Hulick*; *Ressler & Tesh*, *Timothy Tesh*, and *Jonathan Van Eck*, for appellee. **Argued:** *Jeremy A. Tor*.

**On brief:** *Teetor/Westfall, LLC*, *J. Stephen Teetor*, *Matthew S. Teetor*, and *Sarah A. Lodge*, for appellants. **Argued:** *J. Stephen Teetor*.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Defendants-appellants, all employees of Scioto County Children's Services Board ("SCCS"), appeal from a judgment of the Franklin County Court of Common Pleas denying their motions for judgment on the pleadings. Appellants are Jason Mantell, Kellie Stevenson, Maura Adams, Jacob Porter, Treasa Black, Geoffrey Patmore, Kelli Potts, and Japheth Johnson.

## I. Facts and Procedural History

{¶ 2} On May 31, 2022, plaintiff-appellee, R.G., filed a complaint against SCCS and 13 of its employees in relation to the death of his five-year-old daughter, A.G. The complaint asserted claims of survivorship and wrongful death, alleging SCCS and its employees' wanton and reckless conduct proximately caused A.G.'s death. Specifically, the complaint alleged SCCS and its employees wantonly and recklessly placed A.G. in the custody of her grandfather and step-grandmother, Richard and Sonja, and failed to remove her despite having knowledge A.G. was in danger.

{¶ 3} On December 27, 2022, SCCS and each appellant filed a Civ.R. 12(C) motion for judgment on the pleadings. SCCS claimed it was immune as a political subdivision from claims of survivorship and wrongful death pursuant to R.C. 2744.02(A)(1), while appellants requested immunity as employees of a political subdivision under R.C. 2744.03(A)(6). On January 10, 2023, R.G. voluntarily dismissed SCCS as a defendant pursuant to Civ.R. 41(A)(1)(a) while separately filing a memorandum contra appellants' motions for judgment on the pleadings.

{¶ 4} On October 6, 2023, the trial court filed a decision and entry denying appellants' motions for judgment on the pleadings. The trial court concluded R.G. pled sufficient facts to put appellants on notice of claims of wanton and reckless conduct in relation to the wrongful death of A.G.

{¶ 5} Appellants timely appealed.

## II. Assignment of Error

{¶ 6} Appellants present the following sole assignment of error for our review:

> The trial court erred when it denied immunity for Jason Mantell, Kellie Stevenson, Maura Adams, Jacob Porter, Treasa Black, Geoffrey Patmore, Kelli Potts, and Japheth Johnson.

## III. Analysis

{¶ 7} In their sole assignment of error, appellants contend the trial court erred in denying their respective motions for judgment on the pleadings. Specifically, appellants argue R.G.'s complaint did not state facts that, if proved, are sufficient to qualify for an exception to the immunity afforded employees of political subdivisions under R.C. 2744.03(A)(6).

**{¶ 8}** Generally, Ohio law provides employees of political subdivisions with immunity from lawsuits and liability. R.C. 2744.03(A)(6); *see Maternal Grandmother, Admr. v. Hamilton Cty. Dept. of Job & Family Servs.*, 167 Ohio St.3d 390, 2021-Ohio-4096, ¶ 7. An exception to that rule, however, "permits plaintiffs to sue and hold liable employees of a political subdivision if the employees' acts or omissions in the course and scope of their employment were wanton or reckless." *Maternal Grandmother* at ¶ 7, citing R.C. 2744.03(A)(6). Wanton and reckless conduct equates to " 'something more than mere negligence.' " *Id.* at ¶ 8, quoting *O'Toole, Admr. v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, paragraph three of the syllabus. "Wanton misconduct is the 'failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result.' " *Id.*, quoting *Anderson, Admr. v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, ¶ 33. "Reckless conduct is 'the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances.' " *Id.*, quoting *Anderson* at ¶ 34.

**{¶ 9}** Seeing as the immediate appeal involves motions for judgment on the pleadings, we begin by defining the pleading standard needed to state a valid claim. Ohio is a notice-pleading state, which means " 'a short and plain statement of the claim' " is typically sufficient. *Id.* at ¶ 10, quoting Civ.R. 8(A); citing *Wells Fargo Bank N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, ¶ 13. "In this context, i.e., a case in which a government employee's allegedly wanton or reckless behavior is at issue, these general pleading rules still apply." *Id.* at ¶ 11, citing Civ.R. 9(B). Thus, "when a complaint invokes the exception to a government employee's immunity under R.C. 2744.03(A)(6)(b), notice pleading suffices and the plaintiff may not be held to a heightened pleading standard or expected to plead the factual circumstances surrounding an allegation of wanton or reckless behavior with particularity." *Id.*, citing *Parmertor v. Chardon Local Schools*, 11th Dist. No. 2014-L-129, 2016-Ohio-761, ¶ 49-51; *Thompson v. Buckeye Joint Vocational School Dist.*, 5th Dist. No. 2015 AP 08 0047, 2016-Ohio-2804, ¶ 31; and *York, Admr. v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-45 (1991).

**{¶ 10}** The question before us, then, is whether R.G.'s complaint against appellants was sufficient to survive a motion for judgment on the pleadings. When analyzing a

Civ.R. 12(C) motion for judgment on the pleadings, a court construes all material allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Provens v. Woodridge Place Apts.*, 10th Dist. No. 22AP-760, 2023-Ohio-1388, ¶ 8, citing *Zhelezny v. Olesh*, 10th Dist. No. 12AP-681, 2013-Ohio-4337, ¶ 8. Then, " '[d]ismissal is appropriate under Civ.R. 12(C) when * * * it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief.' " *Maternal Grandmother* at ¶ 13, quoting *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, ¶ 17, citing *State ex rel. Midwest Pride IV*, *Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). In other words, a court grants a motion if the moving party is entitled to judgment as a matter of law. *Edwards v. Adrenalin Trampoline Park*, *L.L.C.*, 10th Dist. No. 19AP-83, 2020-Ohio-280, ¶ 11, citing *Easter v. Complete Gen. Constr. Co.*, 10th Dist. No. 06AP-763, 2007-Ohio-1297, ¶ 8, citing *Brown v. Wood Cty. Bd. of Elections*, 79 Ohio App.3d 474, 477 (6th Dist.1992), and *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165-66 (1973). The Civ.R. 12(C) motion challenges " 'the allegations of the complaint and presents a question of law.' " *Provens* at ¶ 8, quoting *Zhelezny* at ¶ 9. Accordingly, we review de novo a trial court's decision regarding a motion for judgment on the pleadings. *Id.*, citing *RotoSolutions*, *Inc. v. Crane Plastics Siding*, *L.L.C.*, 10th Dist. No. 13AP-1, 2013-Ohio-4343, ¶ 13, and *Franks v. Ohio Dept. of Rehab. & Corr.*, 195 Ohio App.3d 114, 2011-Ohio-2048, ¶ 5 (10th Dist.).

{¶ 11} In asserting claims for survivorship and wrongful death, R.G. contended appellants behaved wantonly and recklessly. In particular, the complaint alleged appellants placed A.G. and her brothers in the custody of Richard and Sonja, disregarding R.G.'s specific warning they are "not only unfit to care for children, but dangerous to [A.G.] and her brothers." (Compl. at ¶ 80.) The complaint also underscored appellants' failure to remove A.G. from Richard and Sonja's custody even after it became "apparent they were engaging in abusive behavior." (Compl. at ¶ 81.) Citing SCCS's own records, the complaint detailed specific examples of abuse suffered by A.G. and her brothers while in the custody of Richard and Sonja.

{¶ 12} The complaint put appellants "on notice of the claims against them and rais[ed] the possibility that the exception to their statutory immunity under

R.C. 2744.03(A)(6)(b) might apply." *Maternal Grandmother* at ¶ 15. Had the complaint more vaguely asserted that SCCS employees acted in a wanton and reckless manner, such an accusation may or may not have stated a valid claim. In contrast to this hypothetical, R.G.'s complaint involved SCCS employees who allegedly had some involvement with A.G.'s case. Specifically, it alleged appellants engaged in acts and omissions in the handling of A.G.'s case that, if proved, qualify as wanton and reckless conduct that led to her death. This was enough to satisfy the notice pleading standard. Construing all material allegations in the complaint as true and drawing all reasonable inferences in favor of R.G., we cannot at this early stage determine that no set of facts would entitle R.G. to relief. *See Provens* at ¶ 8; *Maternal Grandmother* at ¶ 13. A judgment on the pleadings would therefore be premature, and R.G. may continue his case against appellants on remand.

## IV. Conclusion

{¶ 13} Based on the foregoing reasons, the trial court did not err in denying appellants' motions for judgment on the pleadings. Accordingly, appellants' sole assignment of error is overruled. We affirm the judgment of the Franklin County Court of Common Pleas and remand the matter to that court for further proceedings.

*Judgment affirmed; cause remanded.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.

———————————